## THOMAS J. YORKS *vs.* DAVID TOZER.

Argued Nov. 8, 1894. Affirmed Nov. 12, 1894.

No. 8996.

**Duty of one partner to consult the other in the partnership business.**

In every important exigency in the partnership affairs, where one partner is about to act, he should consult the other, at least if there are no circumstances which excuse him from so doing. The only business of the partnership between the plaintiff and defendant was the purchase and sale of a single tract of land, the negotiations for the purchase of which were conducted by the plaintiff, and the title taken in the name of the defendant, who sold the land without the knowledge or consent of the plaintiff, and in the negotiations for such sale an incorrect abstract of title was procured, by which it appeared that defendant had no title, whereas he had in fact a good title of record. Thereupon defendant, without plaintiff's knowledge or consent, expended $526 in procuring a conveyance to himself of the supposed title of the person appearing by such abstract to be the owner; but if, before doing so, he had consulted plaintiff, he would have been informed that the abstract was defective, and the title in defendant good and complete of record. The trial court found that defendant did not act in bad faith. *Held*, no reason appearing why plaintiff could not be consulted, it was gross negligence in defendant to proceed to purchase such supposed title without consulting him, and that, on an accounting between them, plaintiff cannot be charged with one-half or any part of said expense of $526.

Appeal by defendant, David Tozer, from a judgment of the District Court of Washington County, *W. C. Williston*, J., entered July 23, 1894, against him and in favor of plaintiff, Thomas J. Yorks, for $520.11 damages and costs.

*Clapp & McCartney,* for appellant.

Partners owe to each other the most scrupulous good faith. Each one has a right to know all that the others know, and their connection is one of great confidence, and *uberrima fides* will be the standard of the fidelity required of them. 1 Bates, Partnership, Title 2, ch. 4. This rule applies, and applies only, in cases where a partner has sought by concealment or false representations, to secure over his copartner some advantage, or to defraud him and thereby derive some benefit. A similar degree of care or of judgment is not required in the case of an honest purpose. A mistake of judgment or a trivial departure from the agreement in exceptional exigencies or a want of extraordinary caution will not bring damages upon him, provided he acted *bona fide* and with a fair degree of care. In such case the loss must fall on the firm. *Cragg* v. *Ford,* 1 You. & Coll. 280; *Caldwell* v. *Leiber,* 7 Paige 483; *Hall* v. *Sannoner,* 44 Ark. 34; *Tillotson* v. *Tillotson,* 34 Conn. 335; *Morrison* v. *Smith,* 81 Ill. 221; *Day* v. *Lockwood,* 24 Conn. 185; *Knox* v. *Sprecher,* 68 Pa. St. 415; *Hollister* v. *Barkley,* 11 N. H. 501; *Wilder* v. *Morris,* 7 Bush 420.

In *Bufford* v. *Ashcroft,* 72 Tex. 104, the expenditure was made in bad faith and with the intent to secure an unfair advantage over the other partners. And so it was in *Maher* v. *Bull,* 44 Ill. 97, and in *Gordon* v. *Moore,* 134 Pa. St. 486.

*Henry N. Setzer,* for respondent.

In *Const* v. *Harris,* Turn. & R. 496, Lord Eldon says, "In all partnerships whether expressed in the deed or not, the partners are bound to be true and faithful to each other. They are to act upon the joint opinion of all, and the discretion and judgment of any one cannot be excluded." This is cited with approval by Story in his work on Partnership, § 123, note.

Defendant did not inform his partner, the plaintiff, of the supposed defect in his title. This was a *suppressio veri.* Concealment will amount to fraud, where it is of material facts, which one party is under a legal or equitable duty to communicate to the other and which the latter has the right *juris et de jure* to know.

Where one party knows that another places a peculiar trust and confidence in him, or where they occupy a fiduciary relationship, there is an obligation to disclose all material facts, and silence or concealment will in such cases constitute fraud. Partners occupy toward each other such fiduciary relationship. *Maddeford* v. *Austwick*, 1 Sim. 89; 1 Story, Eq. J., § 218.

CANTY, J. It is conceded by both parties, and found by the court, that the plaintiff and defendant were partners in the purchase of a tract of land; that it was agreed by and between them that the title should be taken in the name of defendant; that he should advance the purchase price, and pay the taxes, and plaintiff should sell the land, and, after repaying defendant the money so advanced by him and 7 per cent. interest thereon, the balance of the proceeds of such sale should be divided equally between them. The land was so purchased April 23, 1883, for $450, and the title so taken. The land was sold and conveyed by defendant August 6, 1890, for $1,560. Said purchase money and the taxes paid by defendant, and interest on all of the same up to the time of said sale, amount to $807.32, leaving $752.68, the balance of the proceeds of said sale, so to be divided between them.

This action is brought for an accounting and a recovery of the sum due plaintiff under said agreement, and the trial court awarded plaintiff one-half of said balance of $752.68, and from the judgment entered thereon defendant appeals. There is no settled case, and the error assigned is that the judgment is not sustained by the findings of fact.

The court further finds that in July, 1890, without the knowledge of plaintiff, defendant negotiated a sale of said land to said purchaser; that the purchaser procured an abstract of title to said real estate from the register of deeds; that said abstract was in fact false, as it omitted one recorded conveyance, a link in the chain of title, and by such abstract it appeared that the original patentee was still the owner in fee of the land, whereas in fact defendant had a good title of record; that the purchaser submitted the abstract to two different and competent attorneys, who each advised him that, according to the abstract, the defendant had no title,

and defendant was informed by such purchaser of the opinion of said attorneys. Defendant, believing he had no title, at an expense of $526, then procured a conveyance to himself from said original patentee, and claims that this expense should be allowed him in said accounting as a part of the cost of the land to be deducted from such proceeds of said sale, and that plaintiff is entitled to only one-half of the balance of such proceeds, after this $526 is also deducted therefrom.

It is further found by the court that defendant did not inform plaintiff of any of said negotiations, or of the apparent defect in said title, or show him or inform him of said abstract, or consult him as to purchasing the supposed title of said patentee, and that plaintiff had no knowledge or notice of any of these things, or of the sale of said property to said purchaser from defendant, until after the deed thereof was recorded, and he discovered it by an examination of the records; "that had said defendant exhibited said abstract of title to said plaintiff, or informed him in what respect said title of said defendant was claimed to be defective, said plaintiff could at once have informed said defendant that said abstract was not a true and correct abstract of title to said lands;" and "that plaintiff was not in any manner ever consulted by defendant in regard to said supposed defect of title." The court further finds that defendant acted in good faith in the sale of the land, and in expending said sum of $526 in attempting to cure the supposed defect in his title, but holds that he cannot compel plaintiff to stand one-half or any part of such expense.

We are of the same opinion. If defendant did not act in bad faith, he was, to say the least, grossly negligent. It does not appear that the plaintiff was not accessible and could not be communicated with in a reasonable time. This land was the only partnership property, and its purchase and sale was the only partnership business. It was not an act in the usual course of the partnership business, but one which went to the very foundation of the partnership. It is found by the court that the plaintiff, and not the defendant, conducted the negotiations for the purchase of this land, and procured the conveyance to defendant; and he should be presumed to have had some knowledge of the state of the title. No reason is given by defendant why all the negotiations for the

sale of the land and the purchase of this supposed title by him were kept secret from plaintiff. In every important exigency the partner about to act should consult the other partner, at least if there are no circumstances which excuse him from so doing.

The order appealed from should be affirmed.     So ordered.

GILFILLAN, C. J., took no part.

(Opinion published 60 N. W. 846.)