KALMON KIFFER, Plaintiff, *v.* JOSEPH BIENSTOCK, Defendant.

Municipal Court of New York, Borough of Manhattan, Second District, December 6, 1926.

Partnership — liability for negligence — action by plaintiff to compel contribution from copartner of dissolved partnership for amount of judgment paid by plaintiff — judgment was recovered against plaintiff, individually, for injuries suffered by negligent operation of partnership automobile in firm business — plaintiff is not entitled to contribution.

Plaintiff cannot compel contribution from the defendant who was engaged in a partnership with him prior to the dissolution of the firm, for the amount of a

Municipal Court of New York, December, 1926.     [Vol. 128

judgment recovered against said plaintiff individually in an action for injuries suffered by the negligent operation by him of the partnership automobile in the firm business, for a person operating a vehicle owned by a partnership, which may be liable for the negligent acts of such person, is not discharged from liability for any wrongful act committed by himself.

ACTION for negligence involving liability of members of partnership.

*Harris Koppleman,* for the plaintiff.

*Maxwell Cohen,* for the defendant.

PANKEN, J. Upon the agreed statement of facts submitted to me, among other things appears the following: " In the partnership dissolution which is hereby offered in evidence, the assumption by the plaintiff herein to pay and discharge the firm obligations and liabilities aggregating $3,142.81 without contribution by the defendant herein, referred to merchandise creditors and did not refer to the claim in question. At the time of the execution of Exhibit 1 an action was pending against the plaintiff and the defendant in the City Court of the City of New York, wherein one Ruth Farkas, an infant, by David Farkas, her guardian *ad litem,* which action was defended by the plaintiff, then the defendant, and was based upon an allegation that on or about November 15, 1923, while the plaintiff and defendant were copartners, and they owned, controlled, operated and maintained a certain automobile, that plaintiff sustained injuries as the result of same. After a trial, judgment was rendered in favor of the plaintiff in the sum of $450 against the defendant Kalmon Kiffer, the plaintiff herein; defendant herein not having been personally served herein, and therefore not having personally defended. At the time of the accident the plaintiff herein operated the automobile in question for and in behalf of the copartnership of the plaintiff and the defendant herein, and in furtherance of their business. The defendant was not present at the scene of the accident"

Plaintiff's Exhibit 1 in effect dissolves the partnership which existed between the plaintiff and the defendant herein, transfers the partnership assets to the plaintiff, and constitutes an assumption on the part of the plaintiff of the obligation of the copartnership, and at the same time releases and discharges the defendant from any of the firm's obligations and liabilities, and indemnifies and holds said defendant harmless as against any possible claims arising by reason of the partnership obligations. The exhibit is silent as to the possible consequences of the action pending of Ruth Farkas by David Farkas, her guardian *ad litem,* against the copartnership.

It is elementary that a tort feasor is liable for any damage, even though he may not be the owner of the property the operation of which causes the damage. It is sufficient that he controls the property and operates it in a careless manner to charge him with liability. The plaintiff in this case operated the automobile which caused the injuries to Ruth Farkas. The automobile was owned by the partnership. Ruth Farkas could sue either the plaintiff party in this case or sue the partnership. The agreed statement of facts discloses that the partnership was sued, but that the judgment was obtained only as against the defendant Kalmon Kiffer.

From a reading of the statement of facts submitted, it would appear that Kiffer defended the action brought against the partnership, individually. Kiffer also was in charge of the vehicle at the time the accident occurred. The judgment obtained by Ruth Farkas was against him individually.

In the case of *Scott* v. *Curtis* (195 N. Y. 424) the court, through Judge Chase (at p. 428) says: " Where the liability rests upon two or more persons who are as against the person injured jointly liable for the injury the rule invoked by the defendants that the court should not interfere as between joint tort feasors is not applicable, where one of the two or more persons chargeable with negligence is primarily liable therefor and the others are only liable by reason of their ownership of the property and not by reason of any negligence occurring by their active interposition or with their affirmative knowledge and assent. When an employee or independent contractor assumes the duty of performing an act which is dependent upon his personal care and attention and an injury arises by reason of lack of such care and attention such person is liable to the owner of the property if he is called upon to pay and does pay the damages arising from such negligence."

In the instant case the vehicle was the property of the firm, the copartnership, and it was operated by plaintiff during the life of the copartnership. The copartnership as such would be liable for any of the acts of its servants, whether the servant is a member of the firm or someone employed on behalf of the firm. A person operating a vehicle owned by a copartnership which may be liable for the acts of such person is not discharged for any wrongful act committed by himself.

Ruth Farkas could have sued the copartnership as well as Kiffer individually, joined the partnership and Kiffer as parties defendant. She could have sued the partnership without joining Kiffer. Assume that the copartnership defended the action brought by the injured party. Assume further that the partnership was held liable because of the negligence of its employee. On the authority of *Scott* v.

*Curtis* (*supra*) the firm owning the vehicle could recover from its operator what it had to pay out if proof of negligence on the part of the operator were shown.

In the case of *Scott* v. *Curtis* (*supra*) appears also the following language: " The plaintiff in this action cannot recover unless he shows that the active negligence and wrong which caused the injury to the person falling into the hole was the negligence and wrong of the defendants.   As we have stated, it does not appear from the record how the accident occurred."

In the case before me, upon the agreed statement of facts, the plaintiff herein concedes that the defendant was not present at the time the accident occurred, and further concedes as follows: "At the time of the accident, the plaintiff herein operated the automobile in question."

I must assume that in the action of Farkas against Kiffer and Bienstock, judgment having been recovered by her, it was found that the operator of the car operated the car in a negligent manner; so that it would be unnecessary for me to inquire as to whether or not plaintiff herein was negligent in the operation of the car or whether the accident was due to his negligence.   It was so found by a court of competent jurisdiction.

It, therefore, follows that judgment must be directed in favor of the defendant.