Argued May 16; affirmed May 23, 1933

# UNITED BROKERS CO. *v.* DOSE

(22 P. (2d) 204)

*G. G. Smith,* of Portland, for appellant.

*James H. McMenamin* and *Normal Kuykendall,* both of Portland, for respondent.

BELT, J. In April, 1929, plaintiff and defendant entered into a joint adventure whereby they agreed to finance and assist one Luther Harrel in producing a crop of potatoes on 200 acres of land owned by Harrel. It was agreed that one-half of the profits derived from sale of potatoes should go to Harrel, the other half to be divided equally between the plaintiff and the defendant. Pursuant to this contract a crop of potatoes was produced which netted a profit of $36,772.16. Of this amount plaintiff and defendant were each entitled to $9,193.04. Plaintiff charges in his complaint that defendant, who collected the partnership share, has paid to him only the sum of $8,227.13, and there is still due $965.91 which defendant has failed and refused to pay.

The second cause of action is based upon advances made by plaintiff to defendant, amounting to $1,009.06, one-half of which amount the defendant agreed to repay. There is no dispute relative to this cause of action.

Defendants admits the contract as alleged in the complaint and the amount of money received as profit from sale of the potatoes. He alleges, however, a payment to plaintiff of $8,263.13 instead of $8,227.13. This difference of $36 in payment was conceded by plaintiff on trial.

Defendant as a further defense and counter-claim alleges that there is due him, as compensation for services rendered as general manager and in the sale of the potatoes, the sum of $1,155.

Defendant also, as a part of his counter-claim, demands contribution from plaintiff by reason of money

which defendant expended in settlement of an automobile accident which occurred while acting within the scope of the partnership business.

Plaintiff in its reply denied the new matter alleged by way of counter-claim.

The trial court denied the counter-claims and, on the first cause of action, entered a decree in favor of plaintiff for $929.91, together with interest thereon at the rate of 6 per cent per annum until paid, and, on the second cause of action, entered a decree in favor of plaintiff for $504.33, together with interest thereon at rate of 6 per cent per annum from April 25, 1930, until paid. Defendant appeals.

■ Relative to the claim of compensation for services rendered by defendant, it is clear that the court was right in denying the same. There is no evidence of any express agreement that defendant was to receive compensation for his services. The rule applicable is thus stated in 20 R. C. L. 877:

"The general rule is that a partner is not entitled to compensation for services in conducting the partnership business beyond his share of the profits unless there is a stipulation to that effect, and that he has no right by implication to claim anything extra by reason of any inequality of services rendered by him, as compared with those rendered by his copartners".

The second counter-claim arose out of an automobile accident which occurred while defendant Dose was driving to Washington to inspect some potatoes. The trip was made with the knowledge and consent of the plaintiff. Dan Schuler, who accompanied Dose, was injured as a result of the latter's negligence. Schuler threatened to bring an action. Dose thereupon, without the knowledge or consent of the plaintiff, paid

to Schuler, in settlement of his claim, the sum of $2,000. The further sum of $1,214.60 was paid by Dose to cover hospital bills for Schuler and himself. The liability of the partnership to a third person for the negligence of one of the partners while acting within the scope of the partnership business is not involved. Neither is this a case where the injury was caused by the negligence of an employee of the partnership.

▇▇▇ The law of partnership is the law of agency. Each partner is the agent of the other and impliedly agrees that he will exercise reasonable care and diligence in the operation of the partnership business. When a loss is paid by a partnership, there is a right of indemnity against the partner whose negligence caused the loss: *Yorks v. Tozer,* 59 Minn. 78 (60 N. W. 846, 28 L. R. A. 86, 50 Am. St. Rep. 395). It is the same rule where the principal is held liable for the negligent act of his agent. Upon payment of the loss, the principal may bring action against his agent to be indemnified for the loss sustained: 2 C. J. 721. As stated in Rowley's ''Modern Law of Partnership'' Vol. 2, § 983, ''Losses caused wholly by the negligence or misconduct of one party must be borne by him''. In ''The Law of Partnership'' by Shumaker (2d Ed.) 160, it is said, ''A partner has no right to charge the firm with losses or expenses caused by his own negligence or want of skill * * *''. Also see 33 C. J. 864.

In *Carlin v. Donegan,* 15 Kan. 495, Mr. Justice Brewer, speaking for the court in an action brought by one partner against his copartner for an accounting, approved an instruction that each partner would be ''held responsible for fraud, negligence, etc.,'' and that ''the degree of care and diligence that partners are generally held to between themselves is such care and

diligence about any transaction as men generally of common or average care and prudence would exercise''. It was also declared by the court that ''The omission of such ordinary care and prudence, is ordinary negligence; and a partner is responsible for losses resulting from ordinary negligence''.

In *Kiffer v. Bienstock,* 128 Misc. 451 (218 N. Y. S. 526), it was held that where a judgment was recovered against a partner individually by a person injured by a partner's sole negligence in operating partnership automobile in firm business partner was not entitled to contribution by copartner on dissolution of partnership.

■ There is some controversy as to whether this is an action at law or a suit in equity but, in view of the fact that no objection was taken to the forum in which the case was tried, we pass the same without further comment.

The decree of the lower court is affirmed.

RAND, C. J., did not participate in this decision.