MODERN INDUSTRIAL BANK, Plaintiff, *v.* BERNARD ZAENTZ, CY RESNICK and HYMAN LEITER, Defendants.*

Municipal Court of New York, Borough of Brooklyn, Fourth District, September 15, 1941.

---

* See *Matter of Itzkowitz* (177 Misc. 239).

*Samuel L. Marcus* [*Samuel Opperman* of counsel], for the plaintiff.

*Michael Leiter,* for the defendants Cy Resnick and Hyman Leiter.

Wecht, J.   On or about August 11, 1940, the defendant Zaentz applied for and secured a loan from the plaintiff in the sum of $200, to be repaid in weekly payments, for a so-called investment certificate.   The loan was evidenced by a note executed by the defendants Resnick and Leiter, as well as by Zaentz, and was secured by the investment certificate executed by Zaentz only. Under the terms of the note, " 12 months after date the undersigned

| Borrower | Bernard Zaentz | L.S. |
| Co-Maker | Cy Resnick | L.S. |
| Co-Maker | Hyman Leiter | L.S. |

for value received, jointly and severally promise to pay to the order of Modern Industrial Bank, $200.00." .

Payments for the investment certificate were made totaling forty-eight dollars up to November 25, 1940, at about which time Zaentz was inducted into the military service of the United States. Induction was followed by non-payment.   The plaintiff now seeks to recover $154, representing the balance due under the note, after applying the payments on the investment certificate, in addition to a delinquency fine of two dollars, imposed pursuant to the Banking Law.

Resnick and Leiter set up a defense, *inter alia,* that Zaentz is presently in the military service.   They now move to stay the further prosecution of the action during the period of military service of Zaentz, and for a period of sixty days thereafter.   Reliance is placed upon the Soldiers' and Sailors' Civil Relief Act of 1940 (54 U. S. Stat. at Large, p. 1178; U. S. Code, tit. 50, Appendix, §§ 501–585) and the corresponding sections of parallel State legislation (Laws of 1941, chap. 686).

Two questions are raised by the instant motion: (1) Are Resnick and Leiter within the class of persons protected by the law; and (2), assuming they are within this classification, has there been compliance with statutory conditions precedent to the exercise of judicial discretion created by the law?

*First,* subdivision 1 of section 513 of the Appendix to title 50 of the United States Code provides:

" (1) Whenever pursuant to any of the provisions of this Act the enforcement of any obligation or liability, the prosecution of any suit or proceeding, the entry or enforcement of any order, writ,

judgment, or decree, or the performance of any other act, may be stayed, postponed, or suspended, such stay, postponement, or suspension may, in the discretion of the court, likewise be granted to sureties, guarantors, endorsers, and others subject to the obligation or liability, the performance or enforcement of which is stayed, postponed, or suspended."

Plaintiff in resisting the stay urges that Resnick and Leiter as accommodation makers are primary, not secondary, obligors under the Negotiable Instruments Law, and that the moratory privileges of subdivision 1 of section 513 are applicable to secondary obligors only. Reference is made to *National Citizens' Bank* v. *Toplitz* (81 App. Div. 593) in support of plaintiff's contention under the Negotiable Instruments Law. It may be pointed out, however, that when that case was appealed to the Court of Appeals (178 N. Y. 464, 466), the nature of the liability of an accommodation maker was specifically adverted to and left unanswered. Fundamentally, however, the present action is between the immediate parties. Negotiability is not involved. The definitions of the Negotiable Instruments Law are, therefore, inapplicable.

Subdivision 1 of section 513 in itself makes no distinction between primary and secondary obligors. Stays may be granted to " sureties, guarantors, endorsers, and others subject to the obligation." The distinction between primary and secondary liabilities refers only to the remedy provided by law for enforcing the obligation, rather than to the character and limits of the obligation itself. (*Winkle* v. *Scott*, 99 F. [2d] 299, 303.) But aside from this, Resnick and Leiter, having incurred an obligation for the benefit of Zaentz, without participating in the consideration, stand in the position of sureties, regardless of how they are denominated in the instrument they have executed. (*Howell* v. *War Finance Corporation*, 71 F. [2d] 237, 243.) The statute itself refers to both types of obligors, primary as well as secondary. It is well settled that guarantors and indorsers are subject to a secondary liability, but that of sureties is primary. (*Massell* v. *Prudential Insurance Co. of America*, 57 Ga. App. 460.) Nor is the plaintiff aided by the denomination of Resnick and Leiter as comakers in the note. Assuming they are thereby excluded from the immunities of " sureties, guarantors, and endorsers," they would still be among the " others subject to the obligation or liability " enprivileged by the act to seek the protection of a stay. That phrase, used in connection with the words preceding it, is broad enough to include all persons besides sureties, guarantors or indorsers who are not borrowers, but who are nevertheless obligated to pay the debt depending upon a future event which may not occur, namely, the default of the borrower. Finally, when the very note involved

in the action requires " the undersigned . shall  *  *  *  provide such additional co-makers, guarantors *or sureties* as shall be satisfactory to the holder  *  *  *  that the holder thereof may accept other co-makers, guarantors, *sureties*  *  *  *," the argument that differentiates between primary and secondary liability loses force when used as a basis for denying the stay.

These conclusions are not weakened by subdivision 3 of section 511, which defines " persons," in respect of any right against a person in military service or a person " secondarily liable." For one thing, the section in question does not employ the word " persons; " for another, the act refers to various types of liability, other than those arising upon written instruments for the payment of money. " Legal proceedings and transactions " are covered. (§ 510.) The phrase " secondarily liable " cannot, therefore, be restricted according to the definitions of the Negotiable Instruments Law.

*Second,* the final part of subdivision 1 of section 513 qualifies the provision for stay of a proceeding by the words " the performance or enforcement of which is stayed, postponed, or suspended." This suggests that before Resnick and Leiter may secure a stay, it must first appear that a stay is already operative in favor of the obligor in military service. Further support for this conclusion appears from the general tenor of the act. Thus, provisions for a stay are created in favor of persons in the military service (§ 510), which does not affect their ability to defend. (§ 521.) " Such stay * * * may * * * *likewise be granted* to sureties, guarantors, endorsers, and others subject to the obligation  *  *  *  *the performance or enforcement of which is stayed.*" (Italics supplied.) (§ 513, ¶ 1.) Were this not so, the act would present the anomaly of a stay in favor of one obligated to pay on default of the borrower while the principal debtor in military service is harassed by legal process. The courts will shun reasoning that leads to such a conclusion. It follows that no stay can be granted to Resnick and Leiter, until it is shown that Zaentz has already received a stay. The papers now before the court are silent on this point.

By joining all three, Resnick, Leiter and Zaentz, in one action, the plaintiff has brought itself within the ambit of section 524, that provides *inter alia* that " Where the person in military service is a codefendant with others the plaintiff may nevertheless by leave of court proceed against the others."

But the papers before the court on the present motion are likewise silent as to whether Zaentz has been served with process in this action. Until he is served, he is not a party defendant. (*Bennett* v. *Bird*, 237 App. Div. 542.) The court is, therefore, unable to say whether Zaentz is a defendant in this action or the recipient of

a stay under this or any other section of the act. There is, therefore, no basis either for the exercise or denial of discretion in favor of Resnick and Leiter on the present application.

The authorities in other jurisdictions are not controlling here. In *Akron Auto Finance Co.* v. *Stonebraker* (66 Ohio App. 507) the granting of a stay was affirmed. In *Morris Plan Bank of Washington* v. *Waldman* (Dist. of Columbia Municipal Court, decided May 7, 1941) a stay was likewise granted. For the reasons hereinbefore stated, this court comes to a different conclusion.

Although the decision on this motion renders it *obiter*, a reference to the fine of two dollars, the plaintiff seeks to impose because of the non-payment, may be helpful. Here it appears that the fine was caused by the non-payment and in turn by the absence for military service on the part of Zaentz. The court may then relieve him of the fine. (§ 522.)

The motion for a stay must be denied with leave to renew.