[Civ. No. 12552.   First Dist., Div. Two.   Jan. 17, 1944.]

THOMAS O. YOUNG, Respondent, v. ERNEST EVANS et al., Defendants; CHARLES EVANS, Appellant.

Neumiller & Ditz for Appellant.

Gumpert & Mazzera and Charles A. Zeller for Respondent.

SPENCE, J.—Plaintiff sought damages for personal injuries and, after a trial by the court sitting without a jury, recovered judgment against defendant Charles Evans for $3,050. Said defendant gave notice of appeal from the judgment and from the order denying his motion for a new trial. As the order denying the motion for a new trial is not an appealable order (Code Civ. Proc., sec. 963), the purported appeal therefrom must be dismissed.

Defendant contends, first, that the trial court committed prejudicial error in denying defendant's motions for a stay of proceedings and, second, that the evidence was insufficient to sustain the trial court's finding that defendant negligently operated the hand truck which caused plaintiff's injury. We will first consider the contention involving the alleged insufficiency of the evidence.

The accident occurred in the freight yard of the Southern Pacific Company at Tracy. Plaintiff was the local agent for the railroad company and it was his duty, among others, to see that all freight cars were loaded properly in order to prevent damage during shipment to the property loaded therein. On the day of the accident, defendant Charles Evans, his brother Ernest Evans and their employee Marcus Hanlon, sued herein as Jim Hanlon, were engaged in loading sacks of barley into a box car from a semi-trailer. The semi-trailer, which had a bed measuring 22 feet long and 7 feet 8 inches wide and which bed was approximately level with the bed of the box car, had been drawn up alongside of and in close proximity to the doorway of the box car. A metal runway was then laid from the doorway of the box car to the side of the bed of the semi-trailer for the purpose of transporting the sacks of barley on a hand truck from the semi-trailer to the box car. Each sack of barley measured approximately 30 inches long, 12 inches thick and 18 inches wide and weighed 115 pounds. These sacks had been stacked on the semi-trailer on their sides in piles of five. The moving of a stack of five sacks, weighing 575 pounds, could be done by one man using a hand truck by first inserting the blade or lip of the hand truck underneath the bottom sack of the pile and then pulling the top sack toward the hand truck with one hand while pushing the handle downward with the other hand. The evidence showed that this operation required proper balance and control of the heavy load and that a hand truck could ''get away'' from a man ''if the truck isn't properly loaded''.

While the above mentioned persons were loading the box car in question and after about 300 to 400 sacks had been loaded therein, plaintiff entered the box car and remained there from 5 to 10 minutes discussing the loading of the car with Ernest Evans. The question of the size of the car was raised in the discussion and plaintiff and Ernest Evans decided to go out to look at the description stenciled on the side of the car. Both men then walked out through the box car door onto the bed of the semi-trailer and to the rear thereof while plaintiff pointed out to Ernest Evans the stenciling. The two men continued their discussion in this position with their backs toward defendant Charles Evans for perhaps three or four minutes when the hand truck suddenly got away from defendant Charles Evans and struck plain-

tiff in the back, throwing him off the rear end of the semi-trailer and causing his injuries.

The testimony of defendant Charles Evans covered his version of the manner in which the accident happened. He testified, "Well, shoved the blade of the hand truck under the bottom sack, hanging on with my right hand, reached over and pulled the pile back against the truck; in doing that the middle sack slipped forward and let the load go back and pushed the truck back." Again he testified, "Well, when I was loading the hand truck, I pulled the sacks back and the sacks buckled and pushed me back." He was asked, "And then the truck slipped and got away from you, is that what you say?" and he answered, "Well, the sack; when this sack slipped out. . . . It caused them to buckle, and slide me and the truck backwards. . . . It kind of swerved me around." Said defendant also gave the following answers in response to the questions propounded to him: "Q. And you made no examination of the sacks prior to the time that you put them on the hand truck to determine whether they were straight or disorderly, or not? A. No; they appeared to be the same as the rest. Q. And you paid no particular attention to them, is that correct? A. Well, none other than they appeared to be in the same positions; no. Q. Did you or did you not pay any particular attention to them? A. No." Again he testified with respect to the particular stack as follows: "Q. Well, you didn't examine it with any care before you shoved the truck, hand truck, under there, though? A. No, because presumably it was in the same position as the rest of them." While no other witness attempted to give a detailed account of the exact manner in which the accident happened, we believe it is apparent from the above excerpts from defendant Charles Evans' testimony that his evidence alone was sufficient to sustain the trial court's finding of negligence. It is therefore unnecessary for us to discuss plaintiff's further claim that the doctrine of res ipsa loquitur was applicable.

For the purpose of discussing defendant's contention that the trial court committed prejudicial error in denying defendant's motions for a stay of proceedings, it is necessary to present a further statement of facts. The accident occurred on September 6, 1941. Plaintiff filed this action on August 31, 1942, naming as defendants the defendant Charles Evans, who has taken this appeal, together with Ernest

Evans, Jim Hanlon and Ernest Evans Trucking Co., a co-partnership, consisting of Ernest Evans and Charles Evans. Before the filing of the complaint, Ernest Evans had entered the military service and had been stationed overseas and outside continental United States. It does not appear that summons was served on any of the named defendants. An answer to the complaint was filed by defendants Charles Evans and Jim Hanlon as individuals but neither Ernest Evans nor the Ernest Evans Trucking Co. appeared in the action. The cause proceeded to trial and the judgment was entered in favor of defendant Jim Hanlon and against defendant Charles Evans only. No judgment was sought or entered against Ernest Evans or the Ernest Evans Trucking Co.

On November 19, 1942, and shortly before the trial, defendant Charles Evans alone gave notice of motion to vacate the order setting the cause for trial and to stay further proceedings "for the period of military service of defendant, Ernest Evans, and for such further time thereafter as provided by law." It was stated therein that the motion would be made upon the ground that Ernest Evans was a person in the military service "as defined in the Soldiers' and Sailors' Civil Relief Act of 1940" and was stationed outside the United States and upon the further ground that Ernest Evans "has a good and valid defense to the complaint on file herein, but will be unable because of said military service to personally attend the trial of the action now set for November 24, 1942, and would be greatly prejudiced by trial of this action without his presence, and upon the further ground that defendant, Charles Evans, likewise would be greatly prejudiced by trial of this action without the personal presence of said defendant, Ernest Evans." The affidavit of Charles Evans, filed in support of the motion, set forth the facts concerning the military service of Ernest Evans and his inability to attend the trial at the time set and alleged "that affiant and said defendant, Ernest Evans, will each be greatly prejudiced by trial of the above-entitled action on November 24, 1942, and until such time as said defendant, Ernest Evans, is able to attend trial thereof in person. That said Ernest Evans was a witness to the accident mentioned in said complaint and his presence at said trial is vital to affiant's defense." The trial court heard the motion prior to the trial and denied the same. Defendant Charles Evans renewed the motion at the close of the testi-

mony offered by plaintiff and the motion was again denied.

The consideration of defendant's contention presents a twofold aspect for the reason that defendant argues that the trial court committed prejudicial error (1) "because Ernest Evans was in fact a defendant in the action and his military service materially affected his ability to conduct his defense" (2) "because Ernest Evans was a material and indispensable witness and, without his testimony, a full and adequate defense of the action could not be presented." The first of these arguments is concerned with the rights of Ernest Evans under the act above mentioned and hereinafter discussed, and the second of these arguments is concerned with the rights of defendant Charles Evans to a continuance without regard to the provisions of said act. We will consider these arguments in the order in which they are above set forth.

Section 201 of the Soldiers' and Sailors' Civil Relief Act of 1940 [50 U.S.C.A. Appendix, sec. 521) provides that "At any stage thereof any action or proceeding in any court in which a person in military service is involved . . . as . . . defendant . . ., shall, on application to it by such person or some person on his behalf, be stayed as provided in this Act, unless, in the opinion of the court, the ability of . . . the defendant to conduct his defense is not materially affected by reason of his military service." This act, and a similar act adopted in 1917, have been frequently considered by the courts and numerous authorities have been cited by the parties in their briefs. It has been uniformly held that while the act should be liberally construed to accomplish its purposes, it grants no absolute right to a stay of proceedings to persons in the military service but vests in the trial courts wide discretion in passing upon motions made thereunder. The general subject and numerous authorities have been discussed in two recent cases in which orders denying stays have been affirmed. (*Boone* v. *Lightner*, 319 U.S. 561 [63 S.Ct. 1223, 87 L.Ed. 1587]; *Johnson* v. *Johnson*, 59 Cal.App. 2d 375 [139 P.2d 33].)

■ It seems entirely clear in the present case that Ernest Evans did not come within the letter of the act. He was not a "defendant" who had been called upon "to conduct his defense." There is nothing to show that either he or the partnership had ever been served with process. Neither had appeared and there is nothing to show that plaintiff, in opposing the motions for a stay, was seeking to proceed to trial

and to obtain a judgment against any person other than defendants Charles Evans and Jim Hanlon, as individuals. In *Modern Industrial Bank* v. *Zaentz*, 177 Misc. 132 [29 N.Y.S.2d 969, the court said at page 973 [29 N.Y.S.2d], "But the papers before the court on the present motion are likewise silent as to whether Zaentz has been served with process in the action. Until he is served, he is not a party defendant." And in *Patrikes* v. *J. C. H. Service Stations*, 41 N.Y.S.2d 158, it was said at page 167, "The soldier's status does not operate to release the partners who are not called to service. The act does not expressly or by implication extend its benefits to any person other than the person entering the service and his dependents." As the only purpose of plaintiff in proceeding to trial was to obtain a judgment against the appearing defendants individually and as such judgment could not affect the rights of Ernest Evans any more than could a judgment entered against the appearing defendants in an action wholly unrelated to the partnership affairs, we are satisfied that no rights of Ernest Evans were affected by the orders denying the motions for a stay of proceedings.

Defendant cites and relies upon *Ilderton* v. *Charleston Consol. & L. Ry. Co.*, 113 S.C. 91 [101 S.E. 282]. In that case, the contentions of the parties likewise gave the discussion a two-fold aspect but we are concerned for the moment only with the rights of the person in the military service. In that case, such person was O'Quinn, the motorman. Despite the fact that O'Quinn had not even been named as a defendant in the action, the majority of the court held, under the peculiar circumstances there presented, that the railway company's motion for a continuance should have been granted. Insofar as the rights of O'Quinn were concerned, the court said at page 284 [101 S.E.], "We come now to view this case from the standpoint of the rights of the absent witness, O'Quinn, who, though not a party on the record, was deeply interested in the event of the action; for, as defendant's liability to plaintiff was predicated solely upon his conduct, his liability over to defendant will be affected by the judgment. (*Logan* v. [*Atlantic & C. A. L.*] *Ry.* [*Co.*], 82 S.C. 518, 64 S.E. 515; *Jones* v. [*Southern*] *Ry.* [*Co.*], 106 S.C. 20, 90 S.E. 183.) Although O'Quinn was not a party of record to this action, he had been notified of it, and had promised to give evidence in support of the defense. That being so, it follows that the judgment, if allowed to stand, will affect his rights in an action by the defendant against him for his liabil-

ity over to defendant for the damages which defendant will be compelled to pay on account of his alleged negligent acts and omissions." In line with the policy of construing the act liberally, the court reasoned that under the circumstances there presented, O'Quinn "was practically a defendant in the case." The facts in the cited case are clearly distinguishable from the facts before us. It is sufficient to point out that here the judgment against defendant Charles Evans was predicated solely upon his own negligence and not upon any act of Ernest Evans for which there could be any liability over.

In practically every other authority cited by defendant, the person in the military service had appeared and any judgment which the trial court might have entered would have involved directly the rights of such person. Many of the authorities cited are either decisions of trial courts granting stays or decisions of appellate courts sustaining orders granting stays. Defendant has failed to cite any authority involving comparable facts in which an order denying a stay has been reversed. ■ In arguing the claim that Ernest Evans was "practically a defendant in the case" and therefore within the spirit of the act, defendant Charles Evans suggests that Ernest Evans might be liable for contribution because of the judgment against defendant Charles Evans individually in this action. We find no merit in this suggestion as the judgment against defendant Charles Evans resulted from a liability incurred solely because of his own negligence. (*United Brokers' Co.* v. *Dose,* 143 Ore. 283 [22 P.2d 204].) ■ Said defendant further suggests that the judgment against him might be satisfied by a charging order upon his interest in the partnership of which Ernest Evans is a member. (Civil Code, sec. 2422). This suggestion is likewise without merit as the same might be said of any judgment recovered against defendant Charles Evans in any action.

Before concluding this phase of the discussion, it is appropriate to state that we do not wish to be understood as indicating that the trial court would necessarily have abused its discretion in denying the motions even if Ernest Evans and the partnership had appeared in the action and plaintiff had sought judgment against them. That question is not before us and if it were, it might have become necessary to discuss plaintiff's further claim that liability in this

case was covered by insurance. (See *Johnson* v. *Johnson,* 59 Cal.App.2d 375, 391 [139 P.2d 33].)

Turning now to the arguments regarding the rights of defendant Charles Evans, it is claimed that a stay or continuance should have been granted because Ernest Evans "was a material and indispensable witness." On this phase of the discussion, it is clear that the rights which said defendant is attempting to assert on his own behalf are to be measured by the rules governing the rights of an ordinary litigant to a continuance and not by the provisions of the act above mentioned. As was said in *Jones* v. *State,* 205 Ark. 806 [171 S.W.2d 298], "The Soldiers' and Sailors' Civil Relief Act of 1940, U.S.C.A. Title 50, Appendix, sec. 510 et seq., does not apply to persons not in the armed forces who merely want to bring soldiers and sailors back to court to testify as witnesses." Viewed as a motion for a continuance made by an ordinary litigant, the showing made by defendant Charles Evans in support of the motion was wholly insufficient as the basis of a claim that the trial court abused its discretion in denying the motion. There was no attempt made in defendant's affidavit to show the nature of the testimony which Ernest Evans would give; or to show that such testimony would not be merely cumulative; or to show any reasonable probability that the testimony of Ernest Evans, if produced, would affect the result of the trial. The only reference in said affidavit to Ernest Evans as a witness was as follows: "That said Ernest Evans was a witness to the accident mentioned in said complaint and his presence at said trial is vital to affiant's defense." It requires no elaborate discussion or citation of authority to demonstrate the insufficiency of this showing. (5 Cal.Jur. 991). But defendant Charles Evans argues that upon the renewal of the motion at the close of plaintiff's case, it was then evident that Ernest Evans was a material witness. Said defendant then argues as to what Ernest Evans' testimony *might* have been but there was no showing before the trial court as to what Ernest Evans' testimony *would* have been. In the absence of any such showing, it is futile on this appeal for said defendant to attempt to claim that the record discloses an abuse of discretion in denying the motion for a continuance.

For the reasons stated, the purported appeal from the order denying the motion for new trial is dismissed and the judgment is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.