## New York Central Railroad Co. v. Cassler et al.

*Pentz & Silberblatt,* for plaintiff.
*Edward T. Kelley,* for defendants.

BELL, J., November 24, 1945.—A summons and plaintiff's statement of claim in the above-entitled case were served on H. S. Cassler, one of the copartners. On August 20, 1945, a petition was filed by H. S. Cassler, admitting that he and Norman C. Schaeffer were a partnership, and averring that Norman C. Schaeffer was in the armed forces of the United States and that the ability of defendant to make a proper defense is materially affected by reason of his [Schaeffer's] military service. The petition prayed that all proceedings be stayed until Norman C. Schaeffer was released from the armed forces. Plaintiff filed an answer averring that Norman C. Schaeffer had already been in the armed forces at the time the liability was incurred which was the foundation of this suit, which involved coal ordered by H. S. Cassler; and that Nor-

man C. Schaeffer would have no personal knowledge of the facts, so that his presence was not necessary to properly defend the action. It further pointed out that defendant Cassler on November 6, 1944, promised to pay the amount due on January 10, 1945, which payment had not been made. Nowhere is it averred that defendants have any defense to the action or that the rights of Norman C. Schaeffer will be prejudiced by his absence.

The facts are not disputed, and at the argument counsel based the right to stay of this proceeding on the Soldiers' and Sailors' Civil Relief Act of October 17, 1940, 54 Stat. at L. 1178. Section 200 of that act provides that no judgment by default may be taken against one in the military service unless affidavit is filed and attorney appointed. Section 201 provides that at any stage of the proceeding the court in its discretion and on application, may stay the proceeding, unless in the opinion of the court the ability of defendant to conduct his defense is not materially affected by reason of his military service. Section 203 sets forth the rights of a person in the military service to make application to stay execution or vacate a judgment, where he can show that his rights were prejudiced; and section 204 provides that those stays may continue for three months after the termination of such service.

"Unless it is made to appear that the rights of the person in the service will be prejudiced by a proceeding against him, the act is inapplicable": Royster v. Lederle, 128 F.(2d) 197, 199. The act was not intended as a general exemption or a defense, but only as a protection available to those engaged in military service where it can be shown that their rights are or would be prejudiced by their failure to be present at the time of the trial.

"It has been uniformly held that while the act should be liberally construed to accomplish its purposes, it grants no absolute right to a stay of proceedings to

persons in military service but vests in the trial courts wide discretion in passing on motions made thereunder": Young v. Evans et al., 144 P. (2d) 651, 654.

The foregoing case was also a partnership. In the decision it was pointed out that the act does not empower a court to stay an action where defendant does not set up a good defense; that the act itself is not a defense, but only a remedy in cases of prejudicial suits or executions.

Section 203 provides that a stay may be granted to a person in the military service on application to it by such person or some person in his behalf. The petition filed in this case does not claim to be filed on behalf of Norman C. Schaeffer, the individual. The rights claimed are not vested in Mr. Cassler under the act, but vested solely in Norman C. Schaeffer, and to which he alone is entitled on a showing first that he has a defense to the action, which would be prejudiced by his absence. This is not an execution, but a proceeding to obtain judgment.

There are numerous cases holding that the act is not available as to actions against corporations. It is available in cases of partnership only when the presence of the partner in the military service is necessary in contesting the action. We are not interested in the question of execution, at which time the defendant may petition for stay, if Norman C. Schaeffer at that time is still in the military service and can show that his rights are prejudiced. One whose business is continued during his absence in the military service is not rendered immune from actions to collect claims against that business particularly, as averred in this case, where the obligation was incurred after the entry into military service. It is not claimed that one in such service has any knowledge of the facts or that there is any defense; it being on the contrary averred that the remaining partner has admitted the obligation and made a promise to pay, which he failed to perform. We

see no reason why the plaintiff should be prevented from reducing this claim to judgment under the present circumstances: See Famous Clothing Company v. Assaf et al., 48 D. & C. 398.

Now, November 24, 1945, rule to stay execution on behalf of Norman C. Schaeffer is discharged.