## Hettinger et al., Assignees, v. American Veterans of World War II, etc.

*George Eves* and *R. G. Bushong*, for plaintiffs.

*Russell G. Weidner* and *Russell H. Yoder*, for defendants.

MAYS, P. J., January 28, 1946.—Plaintiffs filed an agreement for the entry of an amicable action of ejectment and judgment thereon covering premises 418-20 North Fifth Street, Reading, Pa., in accordance with the terms of a lease dated August 22, 1945, in which The Reading Trust Co. was the lessor and defendant association the lessee.

Plaintiffs also filed a præcipe for the entry of a judgment in ejectment and the issuance of a habere facias possessionem with a clause of fieri facias.

The prothonotary, in accordance with Rule of Court no. 151½, issued a citation upon defendant to show cause why judgment should not be entered against it in accordance with the præcipe filed and on the grounds set forth in an affidavit of default filed therewith and made a part thereof. The said affidavit of default sets forth that the premises demised to defendant by The Reading Trust Co. were conveyed by it to plaintiffs, and that said lease was, on September 26, 1945, assigned to them, and that plaintiffs desired to have and repossess said premises on November 1, 1945, and that the term of said lease ended on October 31, 1945.

To the citation defendant filed an answer alleging certain facts and raising certain issues of law. Subsequently the parties filed a stipulation wherein the facts set forth in the answer to the citation are substantially admitted by plaintiffs. They, however, reserved the right to raise the question of the relevancy and materiality of the allegations. The stipulation likewise sets forth questions of law involved in the cause. They are as follows:

"(a) Is the association and/or other defendants in any way protected by the Soldiers' and Sailors' Civil Relief Act of 1940, as amended, from this proceeding?

"(b) Does the provision of the lease as quoted in paragraph 4 of this stipulation prohibit the above mentioned assignment by The Reading Trust Company to plaintiffs?

"(c) Does the fact that in the agreement for judgment on an amicable action of ejectment George Eves and R. G. Bushong appear for both plaintiffs and defendants, prevent the entry of the judgment?"

Plaintiffs have proceeded against the lessee. On December 5, 1945, this court, after being informed that the American Veterans of World War II, Reading Amvets Home Association, intended to occupy the premises in question, incorporated the said American Veterans of World War II, Reading Amvets Home Association. Neither plaintiffs nor defendants have requested that the said American Veterans of World War II, Reading Amvets Home Association, should be made a party defendant.

Defendant lessee relies on certain provisions of the Soldiers' and Sailors' Civil Relief Act of October 17, 1940, contending that since some of the members of the association are still in the armed services, the processes of the court must be halted until a certain time after all of the men in the service have been discharged. This court in many instances has been very solicitous about the rights of the soldiers and sailors under the act, and has stayed various proceedings so that the rights of soldiers and sailors would be protected. However, there are some cases where the court is without right and power to stay proceedings.

Primarily the Soldiers' and Sailors' Civil Relief Act of 1940 provides for relief in respect of any obligation or liability incurred by a soldier or a sailor prior to his period of military service or in respect of any tax or assessment whether falling due prior to or during his period of military service. We are not concerned with any obligation or liability of any soldier or sailor. If, however, after the entry of the judgment by

the issuance of a fi. fa. there would be an endeavor on the part of plaintiffs to fasten personal liability upon any soldier or sailor, we could then determine whether or not such a process should be halted or stayed until the return of any soldier or sailor whose liability would be involved.

Section 201 of the Soldiers' and Sailors' Civil Relief Act of October 17, 1940, 54 Stat. at L. 1178, 50 U.S.C.A. §521, provides:

"At any stage thereof any action or proceeding in any court in which a person in military service is involved, either as plaintiff or defendant, during the period of such service or within sixty days thereafter may, in the discretion of the court in which it is pending, on its own motion, and shall, on application to it by such person or some person on his behalf, be stayed as provided in this Act, unless, in the opinion of the court, the ability of plaintiff to prosecute the action or the defendant to conduct his defense is not materially affected by reason of his military service."

From the record before us it is obvious that the ability of any soldiers or sailors to protect their interests in the leased property, if any, is not affected at all by their military services, for in fact it is not made to appear that, except for their membership in an unincorporated association, or a corporation, they have any interest in the land in question.

Section 300 of the Soldiers' and Sailors' Civil Relief Act of 1940, supra, definitely provides:

"No eviction or distress shall be made during the period of military service in respect of any premises . . . occupied chiefly for dwelling purposes by the wife, children, or other dependents of a person in military service, except upon leave of court granted upon application therefor or granted in an action or proceeding affecting the right of possession."

Surely this provision cannot be extended to prevent an eviction of an unincorporated association, or a part-

nership, or a corporation, even though there are men in the service who are members of the association, the partnership, or the corporation.

In Young v. Evans, 62 Cal. App. 2d 365, 144 Pac. 2d 651, it was held:

Where a serviceman was named as a defendant, together with a partnership to which he belonged and other individuals, but there was no showing that serviceman or partnership was served with process or that plaintiff was seeking a judgment against the serviceman or partnership, a stay predicated on such service was properly denied.

In Personal Finance Co. of N. Y. v. N. Y. U. Garage, 180 Misc. 309, 44 N. Y. Supp. 2d 353, it was held that a corporation was not entitled to the protection of section 201.

The provision of the lease prohibiting the assignment of the term obviously relates to any assignment by the lessee. In Shappell v. Himelstein (1936), 121 Pa. Superior Ct. 418, it is said (at p. 421) :

"Even without an assigning clause, the assignee would have been entitled to proceed under the ejectment clause of the lease as the assignee of a reversion is entitled to enjoy the same benefits and remedies as a lessor. The foundation of this right is 'the Statute of 32 Henry VIII, ch. 34, which is in force in Pennsylvania (Williams et al. v. Notopolos, 259 Pa. 469), and under which grantees or assignees of the reversion or assignees of lessors, enjoy the same benefits and remedies which the lessors or grantors themselves had or enjoyed for the breach of any condition, covenant or agreement contained or expressed in leases or grants': Youghiogheny-Pgh. C. Co. v. Carlet, 92 Pa. Superior Ct. 40, 44."

The fact that in the agreement for judgment on an amicable action of ejectment George Eves and R. G. Bushong, Esqs., appear for both plaintiffs and defendants does not prevent the entry of the judgment. In Finance and Guaranty Co. v. Mittelman (1928), 93 Pa. Superior Ct. 277, it is said (at p. 281) : "It is a

practice of long standing for an attorney to appear both for the plaintiff and the defendant on a demand containing a warrant of attorney of the obligor to confess judgment." . . .

And now, to wit, January 28, 1946, judgment is directed to be entered for plaintiffs.