### 50751. FLYNN et al. v. REAVES et al.

SUBMITTED MAY 28, 1975 — DECIDED SEPTEMBER 3, 1975.

*Alexander, Vann & Lilly, Frank T. Holt, Roy M. Lilly, Moore & Chambliss, Saxby Chambliss,* for appellants.

*Walters & Davis, Rick R. Ellis, Whelchel & Whelchel, Hoyt H. Whelchel, Jr., Fallin & Kirbo, Billy Fallin,* for appellees.

CLARK, Judge.

The circumstances giving rise to this appeal may be summarized as follows: Seeking damages for medical malpractice,[1] plaintiffs, husband and wife, brought suit

---

[1]A more descriptive term without epithetic connotation is "medical professional negligence."

only against defendant, Dr. Charles R. Moore, alleging him to have been negligent in his diagnosis and treatment of the eyes of plaintiff wife. Defendant answered, denying the allegations of negligence. Thereafter, defendant initiated a third-party action against his former co-partners, Dr. James T. Flynn, Jr., Dr. Robert E. Fokes, Jr. and Dr. James R. Paulk. (The events had occurred during the existence of the partnership which had been dissolved by mutual agreement prior to commencement of the present litigation.)

In this third-party complaint, "while in no way admitting that either he or the named third-party defendants are liable to the plaintiffs, defendant does show that the third-party defendants are equally responsible with him should there be found any violation of a duty to plaintiffs." (R. 16). This pleading alleges that he had been an equal partner with the three third-party defendants, hereafter referred to as "co-partners," in a medical practice partnership operated under the name of "The Eye, Ear, Nose and Throat Clinic" at the time when he had diagnosed and treated plaintiff wife; that his diagnosis and treatment of plaintiff wife was performed within the course of the partnership business; that he and his co-partners shared equally in the profits and losses of the partnership; and that the three co-partners were liable to him for three-fourths of any sum which plaintiffs might recover against him in the principal suit. In response to the third-party complaint, the co-partners interposed several defenses. Among these was a counterclaim against the defendant with which this appeal is not concerned as it dealt with the dissolution agreement.

The co-partners also challenged the sufficiency of the third-party complaint via motion for a judgment decreeing that it failed to state a claim entitling defendant to the relief sought against the third-party defendants. This motion was denied and the co-partners have appealed that ruling accompanied by the requisite review certificate.

1. The law of partnership is the law of agency: "Each partner being the agent of the firm, the firm is liable for his torts committed within the scope of his agency, on the

principle of *respondeat superior,* in the same way that a master is responsible for his servant's torts, and for the same reason [that] the firm is liable for the torts of its agents or servants. 1 Bates' Law of Partnership, § 461." *Hobbs & Tucker v. Chicago Packing &c. Co.,* 98 Ga. 576, 581 (25 SE 584); *Rogers v. Carmichael,* 184 Ga. 496 (192 SE 39). See also Comment (a) of the Restatement of the Law of Agency, 2d § 14 A entitled Agent and Partner, which states, "the rights and liabilities of partners with respect to each other and to third persons are largely determined by agency principles." Thus, "Where several physicians are in partnership, they may be held liable in damages for the professional negligence of one of the firm." 60 AmJur2d 86, Partnership, § 166.

In the case at bar, therefore, the co-partners and defendant would be jointly and severally liable to plaintiffs if it were established that defendant in fact negligently diagnosed and treated plaintiff wife in the course of the partnership business. Therefore, plaintiffs had the choice of suing the defendant individually, or all of the partners including defendant jointly. But defendant cannot seek contribution from his co-partners simply because they are jointly liable to plaintiffs. "[T]here may be cases in which a person who has suffered loss or damage may have the right to sue two persons as if they were joint wrong-doers, without their being, as among themselves, joint wrong-doers. A.'s servant, B., negligently injures C. in the performance of A.'s work. From C.'s standpoint, A. and B. are joint wrong-doers, but as among themselves B. is the wrong-doer and A. is subjected to liability merely by the doctrine of respondeat superior; so that, if C. sues A. alone and compels him to pay the damage, A., in turn, may compel B. to indemnify him for the loss. So in this class of cases it is always relevant to inquire, 'Whose wrong really caused the damage?' . . . Generally speaking, a right of action over in such cases exists only where the negligence of him who has been compelled to satisfy the damages is imputed or constructive only, and the negligence of him against whom the remedy over is asserted was actual or more immediately causal." *Central of Ga. R. Co. v. Macon R. &c. Light Co.,* 9 Ga. App. 628, 632 (71 SE 1076).

Here, the co-partners and defendant are not joint tortfeasors as among themselves. For the co-partners are subjected to liability only by the doctrine of respondeat superior. Thus, defendant whose negligence, if any, was actual, cannot seek contribution from his co-partners, who are merely constructively negligent.[2] Of course, had defendant alleged that his co-partners were actual tortfeasors, a third-party action for contribution would lie. But such is not the case.

Therefore, we hold, as other courts have held, that where a partner is sued individually by a plaintiff injured by the partner's sole negligence, the partner cannot seek contribution from his co-partners even though the negligent act occurred in the course of the partnership business. See Kiffer v. Bienstock, 128 Misc. Rep. 451 (218 NYS 526); United Brokers' Co. v. Dose, 143 Ore. 283 (22 P2d 204); 68 CJS 522, Partnership, § 83.

2. Since defendant's third-party complaint failed to state a claim upon which relief can be granted, the denial of the co-partners' motion was error.

*Judgment reversed. Pannell, P. J., and Quillian, J., concur.*

---

[2]On the other hand, had the co-partners been subjected to liability by the doctrine of respondeat superior, they would have a right of indemnity against defendant for his actual negligence. "A partnership liable to a third person for injuries, has a right of indemnity against the partner whose negligence caused the injuries." 68 C. J. S. 522, Partnership § 83. See also *Georgia Southern &c. Co. v. Jossey,* 105 Ga. 271 (31 S. E. 179).