Martin **MOREN**, as parent and guardian of Remington **MOREN**, a minor, Respondent,

v.

**JAX RESTAURANT**, Appellant,

**John Doe, et al., Defendants.**

and

**Jax Restaurant, defendant and third-party plaintiff, Appellant,**

v.

**Nicole Moren, third-party defendant, Respondent.**

No. A03–1653.

Court of Appeals of Minnesota.

April 27, 2004.

Terrance J. Kane Crumley, Minnetonka, MN, for respondent Martin Moren.

Steven C. O'Tool, Steven C. O'Tool, Attorney at Law, P.A., Edina, MN, for appellant.

Wilbur W. Fluegel, Fluegel Law Office, Minneapolis, MN, for respondent Nicole Moren.

Considered and decided by HUDSON, Presiding Judge, WILLIS, Judge, and CRIPPEN, Judge.

## OPINION

CRIPPEN, Judge.*

Remington Moren, through his father, commenced a negligence action against appellant Jax Restaurant for injures he sustained while on appellant's premises. The district court granted a summary judgment, dismissing appellant's third-party negligence complaint against respondent Nicole Moren, a partner in Jax Restaurant and the mother of Remington Moren. Because the court correctly determined that liability for Nicole Moren's negligence rested with the partnership, even if the partner's conduct partly served her personal interests, we affirm.

## FACTS

Jax Restaurant, the partnership, operates its business in Foley, Minnesota. One afternoon in October 2000, Nicole Moren, one of the Jax partners, completed her day shift at Jax at 4:00 p.m. and left to pick up her two-year-old son Remington from day care. At about 5:30, Moren returned to the restaurant with Remington after learning that her sister and partner, Amy Benedetti, needed help. Moren called her hus-

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

band who told her that he would pick Remington up in about 20 minutes.

Because Nicole Moren did not want Remington running around the restaurant, she brought him into the kitchen with her, set him on top of the counter, and began rolling out pizza dough using the dough-pressing machine. As she was making pizzas, Remington reached his hand into the dough press. His hand was crushed, and he sustained permanent injuries.

Through his father, Remington commenced a negligence action against the partnership. The partnership served a third-party complaint on Nicole Moren, arguing that, in the event it was obligated to compensate Remington, the partnership was entitled to indemnity or contribution from Moren for her negligence. The district court's summary judgment was premised on a legal conclusion that Moren has no obligation to indemnify Jax Restaurant so long as the injury occurred while she was engaged in ordinary business conduct. The district court rejected the partnership's argument that its obligation to compensate Remington is diminished in proportion to the predominating negligence of Moren as a mother, although it is responsible for her conduct as a business owner. This appeal followed.

## ISSUE

Does Jax Restaurant have an indemnity right against Nicole Moren in the circumstances of this case?

## ANALYSIS

On appeal from summary judgment, the reviewing court is to ask whether there are any genuine issues of material fact and whether the district court erred in its application of the law. *State by Cooper v. French*, 460 N.W.2d 2, 4 (Minn.1990). In addressing these two questions, we must "view the evidence in the light most favor-

able to the party against whom judgment was granted." *Fabio v. Bellomo*, 504 N.W.2d 758, 761 (Minn.1993) (citation omitted). But we are not to defer to the district court's decision on a question of law. *Frost–Benco Elec. Ass'n v. Minn. Pub. Utils. Comm'n*, 358 N.W.2d 639, 642 (Minn.1984).

■ Under Minnesota's Uniform Partnership Act of 1994(UPA), a partnership is an entity distinct from its partners, and as such, a partnership may sue and be sued in the name of the partnership. Minn. Stat. §§ 323A.2–10, 323A.3–07 and 323A.12–01 (2002). "A partnership is liable for loss or injury caused to a person ... as a result of a wrongful act or omission, or other actionable conduct, of a partner acting in the ordinary course of business of the partnership or with authority of the partnership." Minn.Stat. § 323A.3–05(a) (2002); *see also Bedow v. Watkins*, 552 N.W.2d 543, 546 (Minn.1996); *Shetka v. Kueppers, Kueppers, Von Feldt, & Salmen*, 454 N.W.2d 916, 919 (Minn.1990). Accordingly, a "partnership shall ... indemnify a partner for liabilities incurred by the partner in the ordinary course of the business of the partnership...." Minn. Stat. § 323A.4–01(c) (2002). Stated conversely, an "act of a partner which is not apparently for carrying on in the ordinary course the partnership business or business of the kind carried on by the partnership binds the partnership only if the act was authorized by the other partners." Minn.Stat. § 323A.3–01(2) (2002). Thus, under the plain language of the UPA, a partner has a right to indemnity from the partnership, but the partnership's claim of indemnity from a partner is not authorized or required.

■ The district court correctly concluded that Nicole Moren's conduct was in the ordinary course of business of the

partnership and, as a result, indemnity by the partner to the partnership was inappropriate. It is undisputed that one of the cooks scheduled to work that evening did not come in, and that Moren's partner asked her to help in the kitchen. It also is undisputed that Moren was making pizzas for the partnership when her son was injured. Because her conduct at the time of the injury was in the ordinary course of business of the partnership, under the UPA, her conduct bound the partnership and it owes indemnity to her for her negligence. Minn.Stat. §§ 323A.3–05(a) and 323A.4–01(c).

Appellant heavily relies on one foreign case for the proposition that a partnership is entitled to a contribution or indemnity from a partner who is negligent. *See Flynn v. Reaves*, 135 Ga.App. 651, 218 S.E.2d 661 (1975). In *Flynn*, the Georgia Court of Appeals held that "where a partner is sued individually by a plaintiff injured by the partner's sole negligence, the partner cannot seek contribution from his co-partners even though the negligent act occurred in the course of the partnership business." *Id.* at 663. But this case is inapplicable because the Georgia court applied common law partnership and agency principles and, like appellant, makes no mention of the UPA, which is the law in Minnesota.

Appellant also claims that because Nicole Moren's action of bringing Remington into the kitchen was partly motivated by personal reasons, her conduct was outside the ordinary course of business. Because it has not been previously addressed, there is no Minnesota authority regarding this issue. But there are two cases from outside of Minnesota that address the issue in a persuasive fashion. *Grotelueschen v. Am. Family Ins. Co.*, 171 Wis.2d 437, 492 N.W.2d 131, 137 (1992) (An "act can further part personal and part business purposes and still occur in the ordinary course of the partnership."); *Wolfe v. Harms*, 413 S.W.2d 204, 215 (Mo.1967) ("[E]ven if the predominant motive of the partner was to benefit himself or third persons, such does not prevent the concurrent business purpose from being within the scope of the partnership."). Adopting this rationale, we conclude that the conduct of Nicole Moren was no less in the ordinary course of business because it also served personal purposes. It is undisputed that Moren was acting for the benefit of the partnership by making pizzas when her son was injured, and even though she was simultaneously acting in her role as a mother, her conduct remained in the ordinary course of the partnership business.

The district court determined, and appellant strenuously disputes, that Amy Benedetti authorized Nicole's conduct, or at least that her conduct of bringing Remington into the kitchen was not prohibited by the rules of the partnership. Because under Minnesota law authorization from the other partners is merely an alternative basis for establishing partnership liability, we decline to address the issue of whether Nicole Moren's partner authorized her conduct.[1]

## DECISION

■ Because Minnesota law requires a partnership to indemnify its partners for the result of their negligence, the district court properly granted summary judgment

---

1. As stated earlier, under Minn.Stat. § 323A.3–05 a "partnership is liable for loss or injury caused to a person . . . as a result of a wrongful act . . . of a partner acting in the ordinary course of business of the partnership or with authority of the partnership." And under Minn.Stat. § 323A.4–01(c) a partnership must indemnify a partner for liabilities incurred by the partner in the ordinary course of the business of the partnership.

to respondent Nicole Moren. In addition, we conclude that the conduct of a partner may be partly motivated by personal reasons and still occur in the ordinary course of business of the partnership.

**Affirmed.**