STANLEY, trustee, *v.* DOMINY.

JENKINS, Justice. 1. Under the rule of res judicata, a former judgment is conclusive in a suit "between the same parties as to all matters put in issue, or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered." Code, § 110-501; *Sumner* v. *Sumner*, 186 *Ga.* 390 (2) (197 S. E. 833). But the parties are not the same, nor are the issues the same, if in one case the defendant is sued individually, and in the other case he is sued in a representative capacity. *Boone* v. *Loggins*, 178 *Ga.* 471 (173 S. E. 715); 30 Am. Jur. 957, § 224, and cit. Accordingly, where in the present suit the defendant, Dominy, was sued individually with respect to the title of school property, and for an injunction against his individual interference with the possession of the plaintiffs as trustees, and where in a former suit in 1925 he was sued as one of several "pretended trustees" with respect to alleged rights of possession and acts of trespass as such "pretended trustees" (*Dominy* v. *Stanley*, 162 *Ga.* 211, 133 S. E. 245), the issue in the former 1925 litigation did not involve any right or claim of the defendant as an individual apart from alleged trusteeship; and for this reason he was not bound in the present suit by any adverse holding by the trial court or this court in the 1925 litigation.

(*a*) The present defendant was not concluded by the 1925 litigation on account of his subsequently arising privity with the Dudley Consolidated School District or with Laurens County Board of Education, under warranty deeds which they executed to him in 1940, since neither of the

named grantors was a party to the 1925 litigation, and the Consolidated School District was not even created until 1938.

(*b*) The present defendant was not concluded by the 1925 litigation, for the additional reason that the parties plaintiff in the two suits were different, in that in the present case the two plaintiffs sued in their representative capacity as trustees under a trust deed made in 1843, and under an order of court appointing them to carry out the trusts in such deed; whereas in the 1925 suit the present plaintiffs, joined with others, sued merely as patrons or citizens interested in maintaining the property in question as a school.

2. In other litigation, under a suit for injunction and other equitable relief, begun in 1938 and brought as in this case by the present plaintiffs as trustees, against the County Board of Education and the Dudley Consolidated School District, not only were the parties plaintiff the same in the two cases, but the parties defendant must be treated as the same, since the defendants in the 1938 suit were the predecessors in title of the present defendant. The issues in the two cases also were the same, since both suits involved the rights of the plaintiffs as trustees under the trust deed of 1843, the validity of such deed, and the title and right of the defendants, and alleged acts of trespass with respect to the plaintiffs' title and right of possession as such trustees. Accordingly, under the present defendant's plea of res judicata and estoppel in the instant suit, the parties are bound by the decisions rendered in such 1938 litigation, both as to matters actually "put in issue" and matters which "might have been put in issue."

(*a*) Under the holdings of this court with respect to the 1938 litigation, in *Laurens County Board of Education* v. *Stanley*, 187 *Ga.* 389, 390 (200 S. E. 294), and *Stanley* v. *Laurens County Board of Education*, 188 *Ga.* 581 (4 S. E. 2d, 164), the trust deed, upon which any present right of the plaintiffs as trustees depends, was "absolutely void" for want of a sufficient description of the property, and could not be aided by aliunde proof, since it furnished "no key for the identification of the land;" and the plaintiffs were not entitled to relief, since "although in actual possession [they] are without any title or right of possession." Accordingly, on the present plea by the defendant of res judicata and estoppel, the judge trying the case without a jury did not err in finding for the defendant.

(*b*) Even if it could be held that the principle of res judicata or estoppel under the 1938 litigation and decisions did not operate against the plaintiff trustees, still they would not be entitled to relief, since the former decisions of this court, that the deed under which they claim was "absolutely void," and that they are "without any title or right of possession," would operate against them at least under the rule of stare decisis. There is no motion to review or overrule either of such former decisions, the latter of which was unanimous.

3. As held in the two decisions of this court, cited above, with respect to the 1938 litigation, the plaintiff trustees did not in that suit plead any res judicata or estoppel with respect to the judgments in the 1925 suit. Accordingly, and since the 1938 suit involved essentially the same cause of action and issues as the present suit, and both of these cases were

194

in effect between the same parties, the now pleaded rule of res judicata precludes the plaintiff trustees from setting up in the present suit any res judicata by virtue of the 1925 litigation, since the plaintiffs are now bound, not only by what they actually pleaded in their 1938 suit, but by what they might have there pleaded.

4. Under the preceding rulings, the judge did not err in finding for the defendant. *Judgment affirmed. All the Justices concur.*

No. 14549. JUNE 11, 1943.

*C. C. Crockett,* for plaintiff. *Nelson & Nelson,* for defendant.