## 53410. NORTH AMERICAN VAN LINES v. HUTTON.

Sмıтн, Judge.

On April 20, 1976, appellee filed a complaint alleging that appellant's negligent delivery of appellee's furniture and household goods had damaged him. Appellant moved to dismiss, claiming as res judicata the default judgment and dismissal entered against appellee on August 8, 1975 for want of prosecution and for wilful failure to appear for deposition. Appellant filed this interlocutory appeal from a denial of that motion. Also presented for consideration are appellee's motion to strike part of the record and his motion to dismiss the appeal for appellant's failure to transmit the record to the Court of Appeals within the proper time period. We find that the merits of appellee's motions are not reviewable by this court. We also find that the August 8, 1975 dismissal is not res judicata as to this case, and we therefore affirm the trial court's denial of appellant's motion to dismiss.

1. This court will not consider appellee's motion to strike part of the record because he made the motion for the first time on this appeal.

2. Since the late filing issue has not been raised in and ruled upon by the trial court, appellee is deemed to have waived that issue, and he cannot move to have it considered in the appellate court. *Southeastern Plumbing &c. Co. v. Lee,* 232 Ga. 626, 628 (208 SE2d 449); *Merrill Lynch &c. Inc. v. Echols,* 138 Ga. App. 593 (226 SE2d 742).

3. On August 8, 1975, the lower court dismissed appellee's initial complaint and entered a judgment by default against him because of his wilful failure to permit discovery and his failure to prosecute. On August 19, 1975 appellee moved that the court reverse its order of August 8, 1975. On April 1, 1976, after the end of the term of court when the order dismissing the initial complaint and

rendering judgment by default was rendered, the court denied appellee's motion for reversal and reaffirmed its order of August 8, 1975. On April 5, 1976, the court amended its reaffirmance as follows: "The Order dismissing the complaint for failure to respond is not an adjudication on the merits as raised by the Complaint." On April 20, 1976, appellee filed a second complaint against appellant upon the identical cause of action, and appellant moved to dismiss because of res judicata. The propriety of the court's denial of that motion is the issue determinative of this appeal.

An involuntary dismissal for wilful failure to make discovery operates as an adjudication on the merits and as res judicata unless the trial court specifies that the dismissal is without prejudice. Civil Practice Act § 41(b) (Code Ann. § 81A-141(b)); *Boles v. Bannister,* 131 Ga. App. 318, 319 (205 SE2d 531). Here, in its amended order of April 5, 1976, responding to appellee's motion for reversal and modifying the dismissal, the trial court did so specify. Since the motion for reversal was filed at the term when the dismissal was entered, the trial court retained jurisdiction to rule finally upon the matter at the subsequent term. *American Mut. Liab. Ins. Co. v. Satterfield,* 88 Ga. App. 395, 397 (76 SE2d 730); *Sargent v. Starr,* 102 Ga. App. 453, 459 (116 SE2d 633). The court's specification that the dismissal was not an adjudication on the merits renders meritless appellant's claim that it is res judicata as to this case.

*Judgment affirmed. Bell, C. J., and McMurray, J., concur.*

ARGUED JANUARY 31, 1977 — DECIDED APRIL 29, 1977.

*MacKay & Elliott, David L. G. King, Jr.,* for appellant.

*Arthur Tranakos,* for appellee.