A90A1257. CONYERS TOYOTA, INC. v. SOUTHERN BELL TELEPHONE & TELEGRAPH COMPANY.
(400 SE2d 662)

BANKE, Presiding Judge.

This is the second appearance of this case in this court. Willie J. Redmon and the children of Lorene Redmon ("plaintiffs"), who are not parties to this appeal, filed a wrongful death action against the appellee, Southern Bell Telephone & Telegraph Company, as well as Georgia Power Company and others, to recover for the loss of Mrs. Redmon in an accident which occurred when the Redmons' car struck a utility pole guy wire which had fallen across the highway. In addition, Mr. Redmon filed a separate action to recover for his own personal injuries sustained as a result of the accident. Southern Bell as-

serted a cross-claim for contribution against the appellant, Conyers Toyota, Inc., after its investigation revealed that a vehicle on Conyers Toyota's premises might have hit the guy wire. The plaintiffs then amended their complaints to name Conyers Toyota as a defendant. A few days before the scheduled trial date, Southern Bell and Georgia Power entered into a settlement agreement with the plaintiffs whereby the latter agreed to dismiss all claims against all parties in return for $650,000. Pursuant to a pre-existing "joint use agreement" between them concerning their respective obligations for claims arising from their shared use of utility poles, Georgia Power paid Southern Bell half the amount of this settlement, and Southern Bell remitted the full amount to the plaintiffs. The case thereafter proceeded to trial on Southern Bell's contribution claim against Conyers Toyota, resulting in a verdict in favor of Conyers Toyota. However, that outcome was reversed in *Southern Bell Tel. &c. Co. v. Conyers Toyota*, 190 Ga. App. 792, 793 (380 SE2d 296) (1989). The case was then retried, resulting in a verdict against Conyers Toyota for $325,000.

On the night the accident occurred, the appellant had been engaged in transferring a group of used cars from one lot to another; and one of its employees, Lancaster, had obtained from his supervisor permission to enlist the assistance of his roommate in carrying out this operation. There was evidence that the roommate, Michael Adams, moved at least one vehicle but was not paid by the appellant for his efforts. As Adams was attempting to exit the appellant's premises after the work was completed, his car struck and severed the utility pole guy wire, causing the wire to fall across the adjacent highway, where it was struck by the Redmons' vehicle only a few seconds later. There was evidence that the guy wire had previously been struck by other vehicles on the appellant's lot but that Southern Bell and Georgia Power had not been notified of these accidents. There was also evidence that Adams' roommate, Lancaster, had told his supervisor that Adams had hit the wire and that the supervisor had instructed him and his fellow employees not to reveal this information to anyone but to tell people they had been inside the building when the accident occurred. *Held*:

1. The appellant contends that the trial court erred in excluding evidence of Georgia Power's $325,000 contribution to the $650,000 settlement reached with the plaintiffs, arguing that if the jurors had been allowed to consider this evidence, they might have concluded that there were two additional tortfeasors rather than just one, with the result that they might have returned a verdict against it for one-third rather than one-half the total settlement amount. In *Williams Bros. Lumber Co. v. Anderson*, 210 Ga. 198 (78 SE2d 612) (1953), the Georgia Supreme Court held that where a partnership is assessed liability for contribution, it is to be treated as a single entity regardless

of the number of partners composing it. See also *Eidson v. Maddox*, 195 Ga. 641 (24 SE2d 895) (1943); *Wold v. Grozalsky*, 14 NE2d 437 (N.Y. 1938). As it is apparent without dispute from their "joint use agreement" that Southern Bell and Georgia Power were acting as partners or joint venturers with respect to their use and maintenance of the utility pole, and as their alleged negligence did not consist of separate and distinct acts or omissions but of their joint maintenance of a single unsafe condition, we conclude that they were required as a matter of law to be treated as a single entity with respect to their liability in this matter, with the result that the evidence concerning the contribution made by Georgia Power to the settlement was properly excluded as irrelevant.

2. The appellant contends that the trial court erred in refusing to charge the jury that in order for it to be considered vicariously liable for Adams' alleged negligence under the doctrine of respondeat superior, it must have controlled or retained the authority to control the time, manner, and method of his work, and his act of alleged negligence must have occurred within the scope of his employment. A review of the transcript reveals that the court's charge adequately covered these legal principles. Accordingly, this enumeration is without merit. See generally *Petkas v. Grizzard*, 253 Ga. 407, 408-409 (321 SE2d 323) (1984).

3. The appellant contends that the trial court erred in excluding certain expert opinion testimony by which it sought to prove that the combined negligence of Southern Bell and Georgia Power was the sole proximate cause of the accident. The witness in question had a Ph.D. in engineering with a major concentration in safety, a background which, according to the appellant, enabled him to distinguish between those risks which only a trained engineer could perceive and those which could also be perceived by a lay person. He testified without objection that the guy wire in question should not have been located within the paved area of the parking lot and that because it was, it "represented a Class I hazard," which he characterized as "a classification that would lead to a multiple fatality and death." However, when the appellant sought to elicit from him testimony to the effect that Georgia Power and Southern Bell were in a position to appreciate the hazard due to the nature of their business and the engineering backgrounds of their employees but that the appellant's employees were not, the appellee objected; and the trial judge sustained the objection, ruling that the average person's understanding and appreciation of the hazards presented by guy wires and power lines was not a proper subject of expert testimony under the circumstances of this case. As such opinion testimony would not have concerned a matter beyond the ken of the ordinary juror and would have called for speculation from the witness, we hold that it was properly excluded. See

*Smith v. State*, 247 Ga. 612 (277 SE2d 678) (1981); *State v. Oliver*, 188 Ga. App. 47, 50 (372 SE2d 256) (1988); *Bankers Health &c. Ins. Co. v. Fryhofer*, 114 Ga. App. 107 (150 SE2d 365) (1966).

4. The appellant contends that the trial court erred in denying its motion for a directed verdict to the effect that the maximum amount of its liability to Southern Bell would be one-sixth of the $650,000 settlement, or $108,333.33, representing the difference between the one-third share owed by each of the three tortfeasors (i.e., the appellant, Southern Bell, and Georgia Power) and the $325,000 actually expended by Southern Bell in payment of the settlement. Based on our holding in Division 1 that Southern Bell and Georgia Power were required to be treated as a single unit with respect to their liability in this matter, we find this enumeration of error to be without merit.

5. The appellant contends that the trial court erred in charging the jurors that they could consider whether it had knowledge of any prior occurrences similar to that which caused the injuries in this case. As previously indicated, there was evidence that the guy wire in question had been hit by other vehicles on the appellant's lot, and it was also shown that the appellant had made efforts in the past to guard against the recurrence of such accidents by parking cars around the guy wire and warning customers to avoid it. The appellant contends that the charge in question was nevertheless erroneous, both because the guy wire had not snapped on any of these prior occasions and because the charge failed to take into account the effect of similar knowledge on the part of Southern Bell.

Ordinarily, evidence of similar acts or omissions is not admissible to establish that an alleged tortfeasor was negligent on another, wholly separate occasion. However, "[w]here evidence of a prior similar accident tends to show condition and knowledge of that condition, the evidence is admissible. [Cits.] All that is required is that the prior accident be sufficient to attract the owner's attention to the dangerous condition which resulted in the litigated accident. [Cit.]" *Pembrook Mgmt. v. Cossaboon*, 157 Ga. App. 675, 677 (278 SE2d 100) (1981). In the prior appearance of this case, we held that it could be inferred from the evidence in question "that Conyers Toyota knew or should have known of the alleged hazard presented by the guy wire. . . ." *Southern Bell Tel. &c. Co. v. Conyers Toyota*, supra, 190 Ga. App. at 795. We must therefore reject the appellant's contention in the present case that the prior incidents were not sufficiently similar to be considered for that purpose. With regard to the appellant's complaint that the charge failed to take into account the existence of similar knowledge on the part of Southern Bell, there was no evidence that Southern Bell was aware of the accidents in question, and its liability was in any event admitted. Accordingly, we find this enumeration of error also to be without merit.

6. The appellant contends that the court erred in charging the jury that an agency relationship may exist when a business expressly procures someone to do something for the benefit of the business, regardless of whether that person receives monetary compensation. The appellant's counsel conceded at trial that this charge was correct as an abstract principle of law but objected to it on the ground that it was expressed "in sort of an argumentative way." Finding nothing argumentative about the charge, we hold that this objection was properly overruled.

*Judgment affirmed. Birdsong and Cooper, JJ., concur.*

DECIDED NOVEMBER 28, 1990 —
REHEARING DENIED DECEMBER 17, 1990 — 

*Fain, Major & Wiley, Donald M. Fain, G. Keith Richardson*, for appellant.

*Kilpatrick & Cody, Alan R. Perry, Jr., Matthew H. Patton, James F. Bogan III*, for appellee.