A93A0209. ST. PAUL FIRE & MARINE INSURANCE COMPANY
v. MAG MUTUAL INSURANCE COMPANY.
(433 SE2d 112)

Pope, Chief Judge.

The issue in this case is whether a distinction should be made between primary and derivative liability for purposes of determining the pro rata share of contribution among named defendants in a medical malpractice action. The facts of this case are not in dispute. In 1989 Max Foley III brought a medical malpractice action against Piedmont Hospital, Inc., John C. Garrett M. D. and Resurgens, P. C., a professional corporation in which Garrett was a shareholder. The jury awarded Foley $2,500,000 on his claim and the parties ultimately agreed to settle the case for $2,300,000. Piedmont Hospital's insurance carrier, St. Paul Fire & Marine Insurance Company ("St. Paul"), the defendant/appellant in the present case, paid one-third of the settlement amount ($766,666.66) on behalf of its insured, and MAG Mutual Insurance Company ("MAG Mutual"), the plaintiff/appellee, paid two-thirds ($1,533,334) on behalf of its insureds, Garrett and Resurgens. However, pursuant to a consent agreement, St. Paul and MAG Mutual agreed that after the settlement was paid the trial court would determine the pro rata share each defendant should pay of the settlement amount.

MAG Mutual subsequently filed suit against St. Paul seeking contribution for $383,333.34, the difference between 50 percent of the total settlement amount paid to plaintiff and the amount St. Paul paid towards the settlement. Both parties filed motions for summary judgment. The trial court granted MAG Mutual's motion for summary judgment and entered judgment in its favor for $383,333.34, finding that the contributive shares of the parties should be one-half for Piedmont Hospital and a combined one-half for Garrett and Resurgens. St. Paul then timely filed its appeal to this court. We affirm the judgment of the trial court.

St. Paul argues that the correct measure of contribution among joint tortfeasors should be determined by dividing the judgment or settlement amount by the number of joint tortfeasors without regard to the character of each tortfeasor's negligence and that, therefore, in this case each defendant should pay one-third of the total amount paid in settlement to the plaintiff. On the other hand, MAG Mutual argues that the trial court correctly determined the contributive shares of the parties in this case because a defendant such as

Resurgens who is liable to an injured party solely because of negligence imputed to it by virtue of its relationship with another party and that actively negligent defendant (here Dr. Garrett) should be treated as one party for the purpose of measuring the pro rata share of contribution of multiple defendants.

It is true that ordinarily the total amount of the judgment is divided equally among those liable to the injured person. However, this court has also held that a party cannot seek contribution from other defendants "simply because they are jointly liable to plaintiffs." *Flynn v. Reaves*, 135 Ga. App. 651, 653 (218 SE2d 661) (1975). "The legal concept of 'joint tortfeasors' is classically understood to mean those individuals whose 'separate and distinct acts of negligence concur to proximately produce an injury. (Cits.)' *Travelers Indem. Co. v. Liberty Loan Corp.*, 140 Ga. App. 458, 461 (3) (231 SE2d 399) (1976). The law recognizes that such individuals are jointly and severally liable to the injured party for the full amount of his damage and that they have, as among themselves, the right of contribution, which right exists independently of their joint and several liability. See OCGA § 51-12-32. . . . The law also recognizes that there are ' "cases in which a person who has suffered loss or damage may have the right to sue two persons *as if they were joint wrong-doers*, without their being, as among themselves, joint wrong-doers." ' (Emphasis supplied.) *Travelers Indem. Co. v. Liberty Loan Co.*, supra at 461-462 (3). Thus, a negligent employee and his vicariously liable employer are not 'joint tortfeasors' in the classic sense, in that the employer has committed no separate and distinct act of negligence and the employee has no right of contribution against his employer." *Gay v. Piggly Wiggly Southern*, 183 Ga. App. 175, 176-177 (358 SE2d 468) (1987).

In *Flynn v. Reaves*, the issue was whether a partner who is sued individually by a plaintiff injured by the partner's sole negligence could seek contribution from his co-partners when the negligent act occurred in the course of the partnership business. This court held that the partner had no right to seek contribution from his co-partners, reasoning that an actively negligent party cannot seek contribution from those to whom his negligence is imputed. "Here, the co-partners and defendant are not joint tortfeasors as among themselves. For the co-partners are subjected to liability only by the doctrine of respondeat superior. Thus, defendant whose negligence, if any, was actual, cannot seek contribution from his co-partners, who are merely constructively negligent. Of course, had defendant alleged that his co-partners were actual tortfeasors, a third party action for contribution would lie. But such is not the case." 135 Ga. App. at 654. See also *Conyers Toyota v. Southern Bell Tel. &c. Co.*, 198 Ga. App. 90 (1, 4) (400 SE2d 662) (1990) (in which this court held that partners or joint venturers who have committed no separate and distinct negligent acts

or omissions, should be "treated as a single unit" when determining the contributive share of another tortfeasor, id. at (4)) and *Williams Bros. Lumber Co. v. Anderson*, 210 Ga. 198, 206 (78 SE2d 612) (1953) (holding that it would be "unjust and inequitable to prorate the amount required to satisfy the judgment according to the number of members of the partnership" when none of the partners were "charged with active negligence, and their negligence was derivative upon the basis of the negligence of the partnership's servant, . . ." Id. at 206).

It is clear from the foregoing that this court previously has made a distinction between active and constructive negligence when determining a party's right to seek contribution. However, it appears that the precise issue presented in this case is one of first impression in this state. Other jurisdictions which have considered this issue have concluded that the actively negligent party and that party who is vicariously or derivatively liable for the negligence of the active tortfeasor should be treated as one party when considering the apportionment of a judgment among multiple defendants. "Where there are multiple tortfeasors, distinct acts of each which directly cause the damages must be independently considered to determine the number of tortfeasors who are liable for contribution. Where one or more of such defendants is liable solely on the basis of negligence imputed to him by virtue of his relationship with one of the other tortfeasors, the one guilty of negligence and the one to whom that negligence is imputed are to be treated as one party for the purpose of measuring the pro rata share of contribution due to the others. [Cits.]" *Reese v. Henke*, 174 NW2d 690, 693 (Minn. 1970). *Chilcote v. Von Der Ahe Van Lines*, 476 A2d 204, 212 (Md. 1984); *Larsen v. Minneapolis Gas Co.*, 163 NW2d 755 (Minn. 1968); *Zeglen v. Minkiewicz*, 191 NE2d 450, 451 (N.Y. 1963).

We find these decisions to be persuasive. We hold therefore, that when there are multiple defendants and one or more of them is liable to the injured party solely on the basis of negligence imputed to it by virtue of its relationship with one of the other defendants, the one guilty of the negligent conduct and the one to whom the negligence is imputed are to be treated as one party when determining the pro rata share of the verdict or settlement each defendant must pay. Accord *Harris v. Hanna Creative Enterprises*, 208 Ga. App. 549 (430 SE2d 846) (1993) (in which this court held that the release of the employee acts as a release of the principal for the principal's vicarious liability for the acts of the employee). The judgment of the trial court is thus affirmed.

*Judgment affirmed. Birdsong, P. J., and Andrews, J., concur.*

DECIDED JUNE 24, 1993.

Long, Weinberg, Ansley & Wheeler, Robert G. Tanner, Mark E. Robinson, for appellant.

Allen & Peters, Hunter S. Allen, Jr., Gary R. McCain, for appellee.