A03A0732, A03A1604. GERSCHICK et al. v. POUNDS (two cases).
(586 SE2d 22)

MIKELL, Judge.

In Case No. A03A0732, Dennis Gerschick and Jane Freeland Gerschick appeal from the trial court's grant of summary judgment to Don Pounds in this contribution action. We affirm. In Case No. A03A1604, the Gerschicks appeal the trial court's order setting a supersedeas bond. We dismiss that appeal as moot.

To prevail on a motion for summary judgment, the moving party must demonstrate that there is no genuine issue of material fact, and that the undisputed facts, viewed in a light most favorable to the party opposing the motion, warrant judgment as a matter of law.[1] To obtain summary judgment, a defendant need not produce any evidence, but must only point to an absence of evidence supporting at least one essential element of the plaintiff's claim.[2] Our review of a grant of summary judgment is de novo, and we view the evidence and all reasonable inferences drawn from it in the light most favorable to the nonmovant.[3]

So viewed, the evidence shows that Dennis Gerschick represented Robert Don Pounds and Robert Van Pounds in their action against Richard Todd Spurlin and Spurlin Industries, Inc. (collectively, "Spurlin"). After Spurlin prevailed, the State Court of Fulton County awarded Spurlin $321,306 in attorney fees, entering judgment in that amount against Don Pounds, Van Pounds, and Dennis Gerschick, jointly and severally.

Spurlin and Don Pounds entered into a release agreement pursuant to which Don Pounds satisfied the entire $321,306 judgment by paying Spurlin $166,000 in cash and cancelling a promissory note made by Richard Todd Spurlin to Don Pounds in the outstanding principal amount of $155,306. Spurlin filed a notice with the State

---

[1] OCGA § 9-11-56 (c); *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).
[2] Id.
[3] *Supchak v. Pruitt*, 232 Ga. App. 680, 682 (1) (503 SE2d 581) (1998).

Court of Fulton County that the judgment was satisfied as to Don Pounds and Van Pounds. Don Pounds then sued Dennis Gerschick and his wife, Jane Freeland Gerschick, for contribution in the Superior Court of Cobb County, seeking to recover one-third of the judgment, or $107,102.[4] Don Pounds moved for partial summary judgment on the issue of contribution. The trial court granted the motion.

### Case No. A03A0732

1. The Gerschicks argue that the superior court erred in granting summary judgment because genuine issues of fact remain as to whether Don Pounds paid the judgment in full. They claim that Don Pounds does not show that the outstanding principal amount of the note, when satisfied, equaled $155,306. The Gerschicks do not state what the outstanding balance would have been at the time the note was satisfied, whether that balance was less or more than $155,306, or refer us to the location of the amortization schedule in the record. In addition, Don Pounds avers in an affidavit that the value of the promissory note was $155,306. The order of the State Court of Fulton County acknowledged the possibility that the cancellation of the promissory note could constitute a pro rata satisfaction of the judgment at Spurlin's option. The release agreement between Spurlin and Don Pounds also contemplated cancellation of the note. Based on the foregoing, we conclude there is no outstanding issue of material fact as to the principal amount of the cancelled note.

The Gerschicks further contend that if the judgment had been paid in full, the record would show a copy of the judgment marked cancelled or satisfied. But the record shows a notice of satisfaction that the judgment was paid. They argue that the notice of satisfaction was limited to Don Pounds and Van Pounds, and would not be marked satisfied as to only two of the three judgment debtors if the judgment was paid in full. The record shows, however, that the entire amount of the judgment was paid.[5]

The Gerschicks also argue that because a statement of facts submitted pursuant to Uniform Superior Court Rule 6.5 is not evidence in the consideration of a motion for summary judgment,[6] the exhibits attached to the statement of facts submitted by Don Pounds cannot be treated as evidence. Without the exhibits as evidence, the Gerschicks further maintain, Don Pounds has no support for his sum-

---

[4] Don Pounds claimed that Dennis Gerschick transferred property to his wife in a fraudulent attempt to avoid collection. This claim remains outstanding and is not at issue in this appeal.

[5] See OCGA § 9-13-80.

[6] See *Rapps v. Cooke*, 234 Ga. App. 131, 132 (1) (505 SE2d 566) (1998) (unsupported statement of facts not evidence for purpose of summary judgment).

mary judgment motion. This is not a valid argument because if a document is evidence for purposes of summary judgment, then its attachment to a statement of facts does not change its probative value. The Gerschicks' additional arguments that material issues of fact remain for a trier of fact are similarly without merit.

2. The underlying judgment of the State Court of Fulton County was entered against Don Pounds, Van Pounds, and Dennis Gerschick jointly. The trial court determined that Don Pounds was entitled to contribution from Dennis Gerschick based on Dennis Gerschick's pro rata share of that judgment. The Gerschicks argue that the trial court erred in determining Dennis Gerschick's measure of contribution by dividing the judgment amount by the number of persons subject to the judgment without regard to their relative responsibility.

OCGA § 23-2-71 provides that

> [i]n cases of joint, joint and several, or several liabilities of two or more persons, where all are equally bound to bear the common burden and one has paid more than his share, he shall be entitled to contribution from the others; and whenever the circumstances are such that an action at law will not give a complete remedy, equity may entertain jurisdiction.

In the case of joint tortfeasors, OCGA § 51-12-32 (b) provides that "[i]f judgment is entered jointly against several trespassers and is paid off by one of them, the others shall be liable to him for contribution." The underlying judgment was for attorney fees under OCGA § 9-15-14, which is a statutory remedy for abusive litigation.[7] As joint tortfeasors, the three judgment debtors were equally liable to contribute.[8]

*St. Paul Fire &c. Ins. Co. v. MAG Mut. Ins. Co.*,[9] upon which the Gerschicks rely, is inapplicable here. In *St. Paul*, we found that

> when there are multiple defendants and one or more of them is liable to the injured party solely on the basis of negligence imputed to it by virtue of its relationship with one of the other defendants, the one guilty of the negligent conduct and the one to whom the negligence is imputed are to be

---

[7] See OCGA § 51-7-85.

[8] *Tenneco Oil Co. v. Templin*, 201 Ga. App. 30, 35 (2) (410 SE2d 154) (1991). See also *Thyssen Elevator Co. v. Drayton-Bryan Co.*, 106 FSupp.2d 1342, 1348 (S.D. Ga. 2000) (under Georgia law, joint tortfeasors equally liable for judgment regardless of relative degree of responsibility).

[9] 209 Ga. App. 184 (433 SE2d 112) (1993).

treated as one party when determining the pro rata share of the verdict or settlement each defendant must pay.[10]

There is no issue of imputed negligence in this case. The judgment of the State Court of Fulton County states that Dennis Gerschick was an active participant in the conduct which gave rise to the attorney fees award.[11] Furthermore, OCGA § 9-15-14 provides for an award against the attorney of those who pursue a frivolous lawsuit.

*Klausman v. Klausman*,[12] cited by the Gerschicks, is equally inapposite. *Klausman* involved a man who had paid a delinquent tax liability stemming from a return filed jointly with his former wife. He demanded that his former wife pay contribution for her share of the taxes. However, the record showed a reasonable chance that the wife would be found to be an "innocent spouse" by the IRS and therefore not jointly liable for the taxes.[13] Accordingly, we held that the suit for contribution was premature.[14] In contrast, Dennis Gerschick's liability was established by a judgment, the highest evidence of indebtedness.[15]

3. The Gerschicks next claim Don Pounds failed to negate several of their defenses.[16] There are nine listed defenses in the Gerschicks' answer. One of the defenses relates to Pounds's fraudulent transfer claim, and we need not address that here. Two other defenses, one a claim for offset and another for insufficient service of process, were not argued in the Gerschicks' appellate brief, in their defense of Pounds's motion for summary judgment, or in their own motion for summary judgment. Thus, we have no basis for considering these defenses on appeal.[17]

The Gerschicks' first defense was that Pounds's suit was filed for an improper purpose to "harass Defendants during the holiday season." The Gerschicks have shown no legal authority to support this proposition.

---

[10] Id. at 186.

[11] The State Court of Fulton County found that "[Robert Van Pounds and Robert Don Pounds] and their counsel, Mr. Gerschick, engaged in tactics which were 'substantially vexatious.'" The court further noted that "Plaintiffs served 171 interrogatories (including subparts), 40 requests to produce and 156 requests to admit on one Defendant and 129 interrogatories (including subparts), 62 requests to produce, and 104 requests to admit on another, forcing the Defendants to obtain a protective order. . . ."

[12] 186 Ga. App. 669 (368 SE2d 185) (1988).

[13] Id. at 670.

[14] Id.

[15] *Dent v. King*, 1 Ga. 200, 202 (1846).

[16] See, e.g., *First Union Nat. Bank of Ga. v. J. Reisbaum Co.*, 190 Ga. App. 234, 235 (378 SE2d 317) (1989) (movant for summary judgment required to come forward with evidence to negate defense of nonconformity).

[17] See Court of Appeals Rule 27 (c) (2) ("Any enumeration of error which is not supported in the brief by citation of authority or argument may be deemed abandoned.").

The Gerschicks' second and third defenses are that Pounds's claim should be dismissed as a matter of equity and that Pounds had unclean hands. However, the right of contribution is a legal remedy. In *Watkins v. Woodbery*,[18] our Supreme Court explained that an action for contribution under OCGA § 23-2-71[19] is normally considered an action at law, notwithstanding the statute's reference to an action in equity. "It will be observed that the code section . . . contemplates the enforcement of the law of contribution by an action at law, and provides for equitable jurisdiction only when an action at law does not furnish a complete remedy."[20] "Unclean hands" is only available as an equitable defense to a claim for equitable relief.[21]

In their fourth defense, the Gerschicks claim that Pounds failed to state a claim on which relief could be granted. This is not true in view of the right of contribution established by Georgia law.[22]

The Gerschicks' fifth enumerated defense is based on Pounds's alleged failure to mitigate damages. However, Pounds was faced with a final judgment, not an inchoate damage claim. We can find no recognized duty of a judgment debtor to "mitigate" a judgment against him by negotiating it downward.

The Gerschicks' sixth defense is laches.[23] They claim that Pounds delayed resolution of the dispute and should not benefit from the delay. The record does not show prejudice stemming from a delay in filing,[24] nor is there a claim that the filing was made beyond the statute of limitation. We see no laches evidenced by the record.

4. Pounds has moved for sanctions against the Gerschicks for frivolous appeal damages. OCGA § 5-6-6 provides that, "[w]hen in the opinion of the court the case was taken up for delay only, 10 percent damages may be awarded by the appellate court upon any judgment for a sum certain which has been affirmed." Although the majority of issues raised by the Gerschicks are patently without merit, there remains some substance to the appeal. Although reasonable persons could differ, we are unable to conclude that the appeal was made for "delay only." Accordingly, we deny Pounds's motion for frivolous appeal damages.

---

[18] 148 Ga. 249 (96 SE 338) (1918).

[19] Civil Code of 1910, § 4588.

[20] *Watkins*, supra, 148 Ga. at 250.

[21] *Holmes v. Henderson*, 274 Ga. 8-9 (1) (549 SE2d 81) (2001).

[22] OCGA §§ 23-2-71; 51-12-32 (b).

[23] The concept of laches has been extended beyond a purely equitable defense. See *Redfearn v. Huntcliff Homes Assn.*, 271 Ga. 745, 750 (524 SE2d 464) (1999).

[24] See, e.g., *Hall v. Trubey*, 269 Ga. 197, 199 (1) (498 SE2d 258) (1998) ("[w]hether laches should apply depends on a consideration of the particular circumstances, including such factors as the length of the delay in the claimant's assertion of rights, the sufficiency of the excuse for a delay, the loss of evidence on disputed matters, the opportunity for the claimant to have acted sooner . . .").

*Case No. A03A1604*

In this case, the Gerschicks appeal the trial court's order setting a supersedeas bond in the amount of $156,543.27 for their appeal in Case No. A03A0732. That appeal is now decided, and the appeal as to the amount of the supersedeas bond is dismissed as moot.

*Judgment affirmed in Case No. A03A0732. Appeal dismissed as moot in Case No. A03A1604. Johnson, P. J., and Eldridge, J., concur.*

DECIDED JULY 2, 2003 —
RECONSIDERATION DENIED JULY 29, 2003 — 

*Dennis J. Gerschick*, for appellants.
*Cromwell & Hibbert, William G. Cromwell, Henry A. Hibbert*, for appellee.