A03A2023. GERSCHICK & ASSOCIATES, P.C. v. POUNDS et al.
(598 SE2d 522)

BARNES, Judge.

Gerschick & Associates, P.C., a law office whose principal is Dennis Gerschick, sued former clients Robert Van Pounds (Van Pounds) and his father Robert Donald Pounds (Don Pounds), as well as unnamed John Does, alleging that the Poundses had fraudulently concealed and misrepresented assets to avoid paying Gerschick a $17,412.53 judgment against Van Pounds. The trial court found that the action was barred by the doctrine of res judicata and dismissed the complaint. Gerschick appeals, contending that the trial court erred in concluding that the complaint was barred by res judicata,

---

and contending that the trial court erred in issuing a protective order barring all discovery in the case. For the reasons that follow, we reverse the grant of summary judgment to the defendants.

Some of the underlying facts in this case are discussed in *Gerschick v. Pounds*, 262 Ga. App. 554 (586 SE2d 22) (2003). Gerschick represented the Poundses against Richard Todd Spurlin and Spurlin Industries, Inc. After Spurlin prevailed, the State Court of Fulton County awarded Spurlin $321,306 in attorney fees, entering judgment on July 16, 1999, in that amount against Don Pounds, Van Pounds, and Dennis Gerschick, jointly and severally. Id. Don Pounds satisfied the judgment and sued Gerschick for contribution in the Superior Court of Cobb County, which granted partial summary judgment to Pounds against Gerschick for $107,102 in August 2002. Id. at 555. This court affirmed that judgment, noting that

> [t]he judgment of the State Court of Fulton County states that Dennis Gerschick was an active participant in the conduct which gave rise to the attorney fees award. . . . The State Court of Fulton County found that "[Robert Van Pounds and Robert Don Pounds] and their counsel, Mr. Gerschick, engaged in tactics which were 'substantially vexatious.' " The court further noted that "Plaintiffs served 171 interrogatories (including subparts), 40 requests to produce and 156 requests to admit on one Defendant and 129 interrogatories (including subparts), 62 requests to produce, and 104 requests to admit on another, forcing the Defendants to obtain a protective order. . . ."

(Punctuation omitted.) Id. at 557 (2), and n. 11.

Gerschick first sued Van Pounds in the Superior Court of Coweta County in February 1999 for failing to pay attorney fees pursuant to a contract signed in October 1996. Pounds failed to answer and Gerschick obtained a default judgment in April 1999 for $12,000 plus interest. Gerschick attempted to engage in post-judgment discovery, but Pounds provided no substantive responses and instead moved to set aside the default judgment. The parties subsequently agreed on January 4, 2002, to stipulate Pounds' liability and present the issue of damages to a jury, which awarded Gerschick $17,412.53 on March 4, 2002.

Gerschick again engaged in post-judgment discovery. Both parties agree that Gerschick served three separate sets of discovery requests, and that Van Pounds answered the first two sets, although they disagree as to the completeness of those responses. After the third set of requests, Pounds moved for a protective order, which the

trial court granted on July 30, 2002. Shortly before the court granted that order, on June 17, 2002, Gerschick filed the suit that is the subject of this appeal.

In that complaint, also filed in the Superior Court of Coweta County, Gerschick alleged that Van and Don Pounds, assisted by unnamed others, fraudulently concealed Van Pounds' assets so that Gerschick was unable to collect his $17,412 judgment. Gerschick alleges that the Poundses took these actions beginning in 1995, to make Van Pounds "judgment proof." Gerschick claimed he suffered damages of $17,412.53 and asked for "exemplary and punitive damages in an amount to be determined but not less than $250,000 to deter Defendants from such wrongful and fraudulent conduct in the future." Gerschick served interrogatories, requests for admissions, and requests for production of documents on both defendants. The Poundses answered and moved to dismiss the complaint for failure to state a claim and because the suit was barred by collateral estoppel and estoppel by judgment. The defendants also moved for a protective order until their motion was ruled on, which the trial court granted on August 19, 2002.

After Gerschick responded to the motion to dismiss, the Poundses moved to convert it into a motion for summary judgment, which Gerschick opposed. The trial court granted the Poundses' motion, finding that the cause of action was identical to the previous action, the liability asserted against the new defendant was derivative of the liability asserted against the defendant who appeared in both cases, the issue was adjudicated by a court of competent jurisdiction and the plaintiff had a full and fair opportunity to litigate the issues in the first suit.

1. (a) Gerschick first contends that the trial court erred in granting the Poundses' motion for summary judgment because they failed to raise the affirmative defense of res judicata in their answer, citing *Owens v. Williams*, 87 Ga. App. 238 (73 SE2d 512) (1952), for the proposition that such a defense cannot be raised by a motion to dismiss. OCGA § 9-11-8 (c) provides that, in pleading to a preceding pleading, a party shall set forth affirmatively the defense of res judicata. In this case, the Poundses raised the affirmative defense of estoppel and the defense of "prior action pending," among others, but did not raise the defense of res judicata in their answer. The Poundses subsequently moved to dismiss the complaint on the grounds that it failed to state a claim for relief and that the claims against Van Pounds were barred pursuant to the doctrines of collateral estoppel, estoppel by judgment, and res judicata.

The purpose of the requirement that affirmative defenses be pleaded is to prevent surprise and to give the

opposing party fair notice of what he must meet as a defense. If it is not pleaded it is generally held that the defense is waived, but if it is raised by motion, or by special plea in connection with the answer or by motion for summary judgment there is no waiver.

(Citations omitted.) *Hardy v. Ga. Baptist Health Care Systems*, 239 Ga. App. 596-597 (1) (521 SE2d 632) (1999). Thus, the "failure to assert this affirmative defense in an answer or motion prior to suffering a default judgment acts as a waiver of the defense." (Citations and footnote omitted.) *Azarat Marketing Group v. Dept. of Admin. Affairs*, 245 Ga. App. 256, 257 (1) (a) (537 SE2d 99) (2000). OCGA § 9-11-8 (c) does not imply, however, that an affirmative defense can be raised only by answer or it is forever waived. *Hardy v. Ga. Baptist Health Care Systems*, supra, 239 Ga. App. at 596. In this case, the Poundses raised the defense in their motion to dismiss, giving Gerschick ample fair notice of the defense he had to meet. *Chrison v. H & H Interiors*, 232 Ga. App. 45, 50 (3) (500 SE2d 41) (1998). We find no error in the trial court's consideration of the res judicata issue.

(b) Gerschick next argues that the trial court erred in finding that his complaint was barred by the doctrine of res judicata.

OCGA § 9-12-40 codifies the common-law rule of res judicata: "A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered until the judgment is reversed or set aside."

*McIver v. Jones*, 209 Ga. App. 670, 672 (434 SE2d 504) (1993). Before the doctrine applies, the defendant must establish the following prerequisites: (1) identity of cause of action; (2) identity of parties; (3) prior adjudication by a court of competent jurisdiction; and (4) a full and fair opportunity for the party against whom the doctrine of res judicata is raised to have litigated the issues in the first action. *Chrison v. H & H Interiors*, supra, 232 Ga. App. at 47.

In the previous case, Gerschick sued Van Pounds for failing to pay attorney fees pursuant to a contract signed in October 1996. In the current case, Gerschick sued Van and Don Pounds for fraudulently concealing Van Pounds' assets so that Gerschick was unable to collect the $17,412 judgment he obtained in the previous case. The causes of action are completely different; in the case before us, Gerschick is not making a claim for unpaid attorney fees, which was the subject of his first suit. Instead, he is making a claim for fraud

regarding the Poundses' alleged asset concealment. Thus, the Poundses cannot establish the first prerequisite for application of the doctrine of res judicata, which is identity of cause of action. Therefore, the trial court erred in granting the Poundses' motion for summary judgment on this ground.

2. The Poundses' motion for a protective order, which the trial court granted, requested a stay of discovery only until the trial court ruled on their motion for summary judgment, which the trial court has done. Therefore, Gerschick's second enumeration of error, arguing that the trial court abused its discretion in granting the Poundses' motion for a protective order, is moot.

*Judgment reversed. Andrews, P. J., and Adams, J., concur.*

DECIDED MARCH 17, 2004 —
RECONSIDERATION DENIED APRIL 8, 2004.

*Dennis J. Gerschick,* pro se.
*Cromwell & Hibbert, William G. Cromwell, Henry A. Hibbert,* for appellees.