A05A0270. AVERETTE et al. v. BROWNING-ERNESTON.
(607 SE2d 264)

ELDRIDGE, Judge.

The decedent, Wenona R. Averette, died on March 22, 2000. In the two months before the decedent's death, her daughter, appellee-defendant Elaine Averette Browning-Erneston had served as the decedent's guardian, this upon a January 20, 2000 order of the Probate Court of Richmond County. Browning-Erneston's guardianship ended upon the death of the decedent, and on April 24, 2000, the probate court appointed the decedent's son (Browning-Erneston's brother), appellant-plaintiff Danny F. Averette, as executor of his decedent mother's estate under her will. Browning-Erneston filed her final accounting of the estate in the probate court on June 15, 2000. Thereafter, Averette filed a caveat to the accounting, and, on September 22, 2000, following a hearing, the probate court entered its final order in the case approving the accounting entered as to the guardianship of the estate and addressing the disposition of certain bank accounts and a certificate of deposit which belonged to the estate.

On February 28, 2002, Averette, individually and as executor of the estate, filed the underlying action alleging that his sister had wrongfully taken possession of personal property belonging to the estate. The parties filed cross-motions for summary judgment, and, on September 15, 2003, following a hearing, the superior court entered the order complained of, granting Browning-Erneston summary judgment and denying summary judgment to Averette upon finding Averette's February 28 suit barred by the doctrine of res judicata.

Averette appeals, contending that summary judgment for Browning-Erneston was error, res judicata as inapplicable to the instant action; that the superior court's award upon grant of summary judgment was error for failure to give effect to that portion of the probate court's judgment which specified that a First Union account which Browning-Erneston moved into a guardianship account for the benefit of the decedent mother as her ward should be "restored to its status as joint with right of survivorship between [Averette and his decedent mother] . . . [and] distributed as provided in [the] joint tenancy agreement"; and that attorney fees were chargeable to the estate under OCGA § 53-5-26 for the inapplicability of the res judicata doctrine.

1. Averette challenges the superior court's grant of summary judgment for Browning-Erneston as error, contending that the judgment of the probate court was not res judicata as to the issue of Browning-Erneston's ownership of personal property in an Augusta residence left to him under the decedent's will. Averette correctly argues that there is no identity of the parties in the two actions in that Averette brought his action in probate court against Browning-Erneston in her fiduciary capacity as the decedent's guardian and by the underlying action, he sued her individually.

If res judicata[1] is to obtain,

> the defendant must establish the following prerequisites: (1) identity of cause of action; (2) identity of parties; (3) prior adjudication by a court of competent jurisdiction; and (4) a full and fair opportunity for the party against whom the doctrine of res judicata is raised to have litigated the issues in the first action. *Chrison v. H & H Interiors*, [232 Ga. App. 45, 47 (500 SE2d 41) (1998)].

*Gerschick & Assoc., P.C. v. Pounds*, 266 Ga. App. 852, 855 (1) (b) (598 SE2d 522) (2004). Neither the parties nor the issues are the same, "if[, as here,] in one case the defendant is sued individually, and in the other case [the defendant] is sued in a representative capacity. [Cits.]" *Stanley v. Dominy*, 196 Ga. 192 (26 SE2d 355) (1943). The parties herein and before the probate court as not the same, summary judgment for Browning-Erneston upon the res judicata doctrine was error.

2. In light of our disposition of Division 1, we need not consider Averette's remaining claims of error.

*Judgment reversed. Blackburn, P. J., and Miller, J., concur.*

DECIDED NOVEMBER 30, 2004.

*Hull, Towill, Norman, Barrett & Salley, James B. Ellington*, for appellants.
*Hugh M. Hadden*, for appellee.

---

[1] The common law rule of res judicata is codified by OCGA § 9-12-40 as follows:
A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered until the judgment is reversed or set aside.