**Martha MOTEN and David Worthington Plaintiffs,**

v.

**ALBERICI CONSTRUCTORS, INC., d/b/a J.S. Alberici Construction Co., Inc., Defendant.**

**No. 1:04–CV–3141–RWS.**

United States District Court, N.D. Georgia, Atlanta Division.

Aug. 1, 2005.

Christine E. Howard and E. Jewelle Johnson of Fisher & Phillips, LLP, Atlanta, GA, for Defendant.

David E. Betts of Betts & Associates, Atlanta, GA, for Plaintiffs.

## *ORDER*

STORY, District Judge.

Now before the Court for consideration is Defendant's Motion for Summary Judgment [3].[1] After considering the entire record and the arguments of the parties, the Court enters the following Order.

### Background

Plaintiff Martha Moten was employed by Defendant Alberici Constructors, Inc. d/b/a/ J.S. Alberici Construction Co., Inc. ("Alberici") from February 26, 2002 until September 23, 2002. Plaintiff David Worthington was Ms. Moten's union job steward beginning around September 19, 2002. Ms. Moten alleges that she was subjected to racially and sexually offensive drawings that caused her fear, anger and emotional distress beginning around June 2002.

---

1. Defendant originally filed this motion as a Motion to Dismiss. By an Order signed June 9, 2005, this Court gave notice to the parties that it was converting Defendant's motion to a motion for summary judgment. The Court's notice gave the parties additional time to supplement the record.

Plaintiff states that she complained to her supervisors but that the problem was not remedied. Around September 19, 2002, Mr. Worthington indicated to Ms. Moten's supervisor that he intended to file a formal union grievance regarding Ms. Moten's complaints. Both Plaintiffs were terminated from employment on September 23, 2002.

On October 3, 2003, Plaintiff Moten filed suit against Defendant and Georgia Power, Inc. in Fulton County State Court. (*See* Aff. of Mizette V. Coakley ("Coakley Aff.") [19] Ex. 2.) Plaintiff's factual allegations in that action were almost identical to the factual allegations in this case. (*Id.*) On November 25, 2003, Defendant served on Plaintiff its First Set of Interrogatories and its First Request for Production of Documents. (Coakley Aff. Ex. 2–C.)

When Plaintiff completely failed to respond to the discovery requests, Defendant Alberici moved to compel discovery or in the alternative to dismiss the action on February 27, 2004. (Coakley Aff. Ex. 2–A.) Without holding a hearing, on April 20, 2004, the Fulton County State Court granted Defendant's motion and dismissed Plaintiff's action pursuant to O.C.G.A. § 9–11–37(d)(1). (Coakley Aff. Ex. 4.) The court found that Plaintiff had consciously or intentionally failed to respond to discovery, that Plaintiff did not seek a protective order, and that Plaintiff failed to respond to Defendant's motion. The court granted Defendant's motion and stated that "Plaintiff's Complaint is dismissed pursuant to O.C.G.A. § 9–11–37(d)(1)." (*Id.*)

This action was originally filed by Plaintiffs in the Superior Court of Fulton County on September 21, 2004. This action differs from Plaintiff Moten's prior action in that it adds a retaliation claim on behalf of David Worthington and asserts claims under 42 U.S.C. § 1981. On October 27, 2004, Defendant removed the action to this Court.

## Discussion

### I. Motion for Summary Judgement

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The court should view the evidence and any inferences that may be drawn in the light most favorable to the non-movant. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The burden then shifts to the nonmovant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

### II. Res Judicata

Defendant argues that Plaintiff Moten's claims are barred by the doctrine of res judicata.[2] Plaintiff does not dispute that the two suits arose out of identical facts. Rather, Plaintiff argues that the suit filed in October 2003 ("the Prior Action") does not bar the present action because the state court did not hold a hearing prior to the dismissal of that action, and therefore it was not a dismissal on the merits.

 Res judicata serves the goal of finality in litigation and "protects [a party's] adversaries from the expense and vexation

---

**2.** Defendant does not contend that Plaintiff David Worthington's claims are barred.

attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." *Montana v. United States,* 440 U.S. 147, 153–154, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979). The federal courts give preclusive effect to the judgment of a state court provided that two conditions are met: (1) the courts of the state from which the judgment emerged would do so themselves; and (2) the litigants had a full and fair opportunity to litigate their claims and the prior state proceedings otherwise satisfied the applicable requirements of due process. *Quinn v. Monroe County,* 330 F.3d 1320, 1329 (11th Cir.2003).

■ Under Georgia law,
A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered until the judgment is reversed or set aside.

O.C.G.A. § 9–12–40. In order for the doctrine of res judicata to apply to bar a subsequent action, a party must establish the following: (1) identity of the cause of action; (2) identity of the parties; (3) prior adjudication by a court of competent jurisdiction; and (4) full and fair opportunity for the party to have litigated the issues in the first action. *Gerschick & Assocs. v. Pounds,* 266 Ga.App. 852, 598 S.E.2d 522, 525 (2004).

■ Here, three of the prerequisites are easily satisfied. First, Plaintiff does not dispute that the same cause of action was involved in both suits.[3] While she has asserted an additional claim pursuant to 42 U.S.C. § 1981 in this action, this does not

prevent the application of res judicata. *See Caswell v. Caswell,* 162 Ga.App. 72, 290 S.E.2d 171, 172 (1982)("Where a judgment has been rendered on the merits, the doctrine of res judicata may not be avoided merely by requesting different relief in a subsequent suit.") There is also identity of the parties in that Ms. Moten and Defendant were both parties to the prior action and are parties to the present action. Additionally, Plaintiff does not argue that the Fulton County State Court was not a court of competent jurisdiction. Plaintiff's primary argument against the application of res judicata is that the state court in the Prior Action did not hold a hearing prior to the dismissal of her complaint.

■ As a preliminary matter, Plaintiff's prior action was dismissed by the Fulton County State Court pursuant to O.C.G.A. § 9–11–37(d)(1). Under Georgia law, "[a]n involuntary dismissal for wilful failure to make discovery operates as an adjudication on the merits and as res judicata unless the trial court specifies that the dismissal is without prejudice." *N. Am. Van Lines v. Hutton,* 142 Ga.App. 151, 235 S.E.2d 396, 397 (1997). Here, the court's order made a specific finding that Plaintiff had intentionally failed to respond to discovery, had failed to move for a protective order and had failed to respond to the motion to compel. The court dismissed the action and did not specify that it was without prejudice. Therefore, under Georgia law, the dismissal of Plaintiff's prior action was a dismissal with prejudice. *Hutton,* 235 S.E.2d at 397.

Plaintiff contends, however, that since the state court did not hold a hearing, her Prior Action does not bar her present claims. Plaintiff argues that the case of

---

**3.** Nor could Plaintiff dispute that both actions arise out of the same factual predicate or series of transactions, since the complaints in both actions are almost identical.

*Maxey v. Covington,* 126 Ga.App. 197, 190 S.E.2d 448 (1972) is controlling. In *Maxey,* the plaintiff failed to answer interrogatories and the defendant moved to compel. *Id.* at 449. The court held a hearing and ordered the plaintiff to respond to the interrogatories by a date certain and further ordered that if plaintiff did not respond by that date, the case would be dismissed. *Id.* The plaintiff never answered the interrogatories. However, when the plaintiff brought a second action a year later the trial court dismissed the second action as barred by res judicata. The Georgia Court of Appeals held that the subsequent action was not barred by res judicata because the trial court in the first action had never made a finding of wilfulness. *Id.* at 450. The Court of Appeals explained that the dismissal was the result of a self-executing order following a certain lapse of time but that a trial court "cannot assume that a future failure will be unjustifiable." *Id.* In order for the dismissal to be on the merits, it would have to be based on a finding of wilfulness.

 Generally, where a party provides a partial or incomplete response to discovery, immediate sanctions are not appropriate prior to the entry of an order compelling discovery. *Serwitz v. Gen. Elec. Credit Corp.,* 174 Ga.App. 747, 331 S.E.2d 95, 96 (1985). By contrast, a party who completely fails to respond to interrogatories may be subject to an immediate sanction. O.C.G.A. § 9–11–37(d)(1); *see ASAP Healthcare Network, Inc. v. Southwest Hosp. & Med. Ctr., Inc.,* 270 Ga.App. 76, 606 S.E.2d 98, 99–100 (2004) (under O.C.G.A. § 9–11–37(d), a prior order to compelling discovery is not a prerequisite to imposing the sanction of dismissal); *Serwitz,* 331 S.E.2d at 96. Generally, even with regard to O.C.G.A. § 9–11–37(d), Georgia courts require a hearing before imposing the sanction of dismissal. "Sanc-

tions may be imposed only after a motion, notice and a hearing provided to the party against whom sanctions are sought. This means affording the party against whom sanctions are sought an opportunity to explain the circumstances of the failure to timely respond." *ASAP Healthcare,* 606 S.E.2d at 100.

Defendant argues that Georgia courts do not require an evidentiary hearing in every case and that the Court should find that Plaintiff's claims are barred by res judicata. In *Schrembs v. Atlanta Classic Cars, Inc.,* 261 Ga. 182, 402 S.E.2d 723 (1991), the Georgia Supreme Court examined O.C.G.A. § 9–11–37(b)(2)(C) and noted that the Georgia courts require a finding of wilfulness prior to the imposition of sanctions under that code section. *Id.* at 724. In that case the plaintiff had refused to respond to a single interrogatory requesting that she provide her social security number. The Georgia court held that "the trial court need not conduct a hearing on the issue of wilfulness in every case." *Id.* Where a court could otherwise determine wilfulness on the part of the party against whom the sanctions are sought, an evidentiary hearing is not required. *Id.* The court found that plaintiff's failure to respond to a single interrogatory request for eleven months, established the requisite wilfulness even without a hearing.

While underscoring the general requirement that a trial court hold a hearing prior to the sanction of dismissal, the *ASAP Healthcare* Court noted that it may be possible for a court to impose the sanction of dismissal without a hearing where "the plaintiff has completely ignored discovery, has not responded to a properly served motion for sanctions, and has failed to request a hearing on the motion." *Id.* The Court noted, that that rule did not apply in that instance because the plaintiff had provided a response, albeit tardy, to the dis-

**1360**

covery request. *See also Barrego v. OHM Remediation Servs. Corp.,* 245 Ga.App. 389, 537 S.E.2d 774 (2000) (hearing required where party filed one sentence response to motion for sanctions and request for oral argument).

■ Here, the Fulton County State Court made a specific finding that Plaintiff acted intentionally in failing to respond to discovery. More significantly, the Court stated that Plaintiff never sought a protective order, nor did Plaintiff respond in any way to the motion to compel or dismiss. Neither did Plaintiff request a hearing or oral argument. Plaintiff has provided no evidence that she did anything at all in response to the motion for sanctions. When the party moving for summary judgment has pointed to the absence of a fact, the party opposing summary judgment has the burden of presenting affirmative evidence that creates a genuine issue of material fact. Therefore, the record before the trial court supported a finding of a wilful failure to respond even without a hearing. This case is distinguishable from the cases cited by Plaintiff and the Court finds that under Georgia law, a state court would apply res judicata to bar Plaintiff's claims.

Moreover, the Court finds that Plaintiff had a full and fair opportunity to litigate her claims in the Prior Action. Although Plaintiff argues that she was denied an opportunity to be heard, it merely appears as though Plaintiff simply failed to avail herself of the opportunity she was provided.

### Conclusion

Accordingly, Defendant's Motion for Summary Judgment is hereby **GRANTED.** Plaintiff Martha Moten is hereby **DISMISSED** from this action. Nothing in this Order prevents Plaintiff David Worthington from proceeding on his claims against Defendant.