[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 27, 2006
THOMAS K. KAHN
CLERK

No. 06-13444
Non-Argument Calendar

_____

D. C. Docket No. 05-00051-CV-CDL-4

COLUMBUS REGIONAL HEALTHCARE SYSTEM, INC.,

Plaintiff-Counter Defendant-Appellee,

versus

RONALD V. BECK,

Defendant-Counter Claimant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

**(November 27, 2006)**

Before BLACK, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Ronald Beck ("Beck"), a surgeon, appeals a district court decision granting

summary judgment in favor of Columbus Regional Healthcare Systems, Inc. ("Columbus Regional"). The summary judgment resolved the contribution claims of joint tortfeasors in a medical malpractice action. The district court found that Columbus Regional and The Medical Center, Inc. ("Medical Center") were one unit for purposes of determining contribution, rejecting Beck's argument that they were two separate entities and thus separately liable for contribution. Upon review, we find that the district court correctly concluded that in light of the close relationship between the two entities and the nature of the underlying liability, they are considered one unit. Accordingly, we affirm.

*Background*

The relevant facts in this case are generally undisputed. Columbus Regional and the Medical Center are both Georgia non-profit corporations. The Medical Center is considered a wholly owned subsidiary of Columbus Regional.

In August 2002, Beck, assisted by hospital nurses and surgical staff, performed surgery on Tracy Bonner at a hospital operated by the Medical Center. Bonner died of complications resulting from the surgery and her husband subsequently sued Columbus Regional, the Medical Center and Beck for negligence. Prior to trial, both parties stipulated that the nurses and surgical staff assisting Beck were employees of both Columbus Regional and the Medical

2

Center. Following a jury trial in the Superior Court of Muscogee County, Georgia, the court entered a judgment of $2,500,000 against the three defendants jointly. Beck's malpractice carrier paid $1,000,000 of the judgment and Columbus Regional, on behalf of itself and the Medical Center, paid the remainder and interest.

Columbus Regional subsequently brought this action for contribution, arguing that it and the Medical Center were a single unit for contribution purposes, and therefore only liable for half of the judgment. Beck filed a counterclaim alleging that Columbus Regional and the Medical Center were two separate entities and therefore each one was liable for one-third of the judgment. Both parties sought to recover the allegedly excess amount that they paid in order to satisfy the judgment. The district court granted summary judgment in favor of Columbus Regional, finding that the rule established in *St. Paul Fire & Marine Ins. Co. v. MAG Mut. Ins. Co.,* 209 Ga. App. 184, 433 S.E.2d. 112 (1993) requires treating Columbus Regional and the Medical Center as one unit. This appeal followed.

### *Standard of Review*

We review the grant of summary judgment *de novo. Nat'l R.R. Passenger Corp. (Amtrak) v. Rountree Transport & Rigging, Inc.*, 422 F.3d 1275, 1282 (11th Cir. 2005). Additionally, we review the district court's findings of fact for clear

3

error.  *Id.*

## *Discussion*

Under Georgia law, when a judgment has been entered against joint tortfeasors, the total amount of the judgment is divided by the number of joint tortfeasors to determine each party's pro rata share.  *Gershick v. Points*, 262 Ga. App. 554, 556-57, 586 S.E.2d 22, 25 (2003) (*overruled on other grounds*).  All parties subject to a judgment are generally counted separately when apportioning their share of liability.  *Id.*  However, when one of the parties subject to the judgment is liable solely because of negligence imputed from another defendant, those two parties are treated as one party for contribution purposes.  *St. Paul Fire & Marine Ins. Co.,* 209 Ga. App. at 186, 433 S.E.2d. at 114.  Beck argues that the rule established in *St. Paul Fire & Marine Ins. Co.* is inapplicable to this case.  He contends that since Columbus Regional and the Medical Center were held liable as two *separate* employers of the same negligent employees,  *St. Paul Fire & Marine Ins. Co.* does not apply and Georgia law allows for liability for each party.  We disagree.  While it is undisputed that multiple employers of negligent employees can be considered joint tortfeasors, that is not the issue in this case. Rather, the question is whether the same party is being held liable twice for the same set of acts.

4

Columbus Regional and the Medical Center are closely intertwined entities, and the Medical Center can be considered a subsidiary of Columbus Regional. Their liability is based on the same acts of negligence committed by the same set of employees and any judgment will be paid from the same pool of funds. We agree with the district court that there are no separate grounds for liability and that Columbus Regional and the Medical Center should be considered one entity for contribution purposes.

Beck further argues that even if *St. Paul Fire and Marine Ins. Co.* applies, Columbus Regional's claim for contribution is barred as a matter of law. He contends that a parent corporation seeking to avoid derivative liability is required to raise this defense at the trial level or lose it. While Columbus Regional's role is similar to that of a parent corporation, since both entities are non-profits without shares and shareholders, the Medical Center is not in fact owned by Columbus Regional. Consequently, even if Beck's characterization of the waiver rule is correct, Columbus Regional could not have asserted such a defense at trial. Accordingly, we find that Columbus Regional's contribution claim is not barred as a matter of law, and affirm.

**AFFIRMED.**